UNITED STATES, Appellee,

v.

Private E-1 Jeffery W. HARDWICK, 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, United States Army, Appellant.

ACMR 8701597.

U.S. Army Court of Military Review.

2 March 1988.

For Appellant: Major Russell S. Estey, JAGC, Major Kathleen A. Vanderboom,

JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC (on brief).

Before HOLDAWAY, C.J., and De GIULIO and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant's pretrial agreement provided that the convening authority would disapprove all confinement adjudged in excess of four months. The military judge sentenced appellant to confinement for 127 days. During the post-sentencing inquiry the military judge stated, "I interpret [the pretrial agreement] to mean ... the convening authority may approve a sentence consisting of ... confinement for 4 months or 120 days...." Trial counsel agreed with the military judge's interpretation. The convening authority approved the sentence for four months. Appellant now alleges that, in light of trial counsel's acquiescence, the convening authority approved a sentence to confinement greater than the limitation of the· pretrial agreement as interpreted by the military judge.

 In determining the length of a sentence to confinement the number of days in the applicable months are counted. *See generally* Army Regulation 633–30, Apprehension and Confinement: Military Sentences to Confinement, paragraph 15 and applicable table (Nov. 1964) [hereinafter AR 633–30]. In the case before us, it appears that the military judge erroneously assumed that each month equalled thirty days.[1] In fact the approved sentence of four months confinement included 123 days, three days greater than the erroneous interpretation of the military judge. The military judge's erroneous interpretation of the length of confinement, at the very least, rendered the provision ambiguous. An ambiguity must be resolved in favor of appellant. *United States v. Buchheit,* 46 C.M.R. 866 (A.C.M.R.1972). We will reduce the sentence to conform to the military judge's erroneous interpretation.

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for bad-conduct discharge, confinement for 120 days, and forfeiture of $438.00 pay per month for five months.

Judge CARMICHAEL concurs.

Chief Judge HOLDAWAY took no part in the decision of this case.

---

1. For sentences adjudged prior to 31 May 1951, a month consisted of 30 days. AR 633–30, paragraph 12.