UNITED STATES

v.

**Robin A. COVINGTON, 250 57 9725, Fireman Apprentice (E-2), U.S. Navy.**

**NMCM 89 2379.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 25 May 1989.

Decided 16 Nov. 1989.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

Capt Rose M. Favors, USMC, Appellate Government Counsel.

Before McLERAN, Senior Judge, and HILTON and RUBENS, JJ.

PER CURIAM:

The single assignment of error questions the effect of a convening authority's action suspending a portion of the sentence to confinement taken after the unsuspended confinement had run in fact but before the entire adjudged sentence to confinement had run by operation of law.

---

Unlike many cases we have seen in which the convening authority acts after the entire sentence has run by operation of law under Article 57(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 857(b), the entire sentence had not run in this case. Appellant was placed in pretrial confinement on April 10, 1989, where he remained until sentenced. On May 25, 1989, the military judge adjudged a sentence which included confinement for 4 months. A pretrial agreement called for suspension of any confinement in excess of 75 days, and the convening authority complied on June 30, 1989, after approving the sentence as adjudged. Appellant was released from confinement in time to comply with the terms of the pretrial agreement; no portion of the sentence to confinement was deferred.

On the day the sentence was adjudged, appellant was entitled to a 45 day credit for pretrial confinement. *United States v. Allen,* 17 M.J. 126 (C.M.A.1984). By the time the convening authority acted, another 37 days had run by operation of law, for a total of 82 days. At this point, all of the adjudged confinement had not run; the amount yet to run was 4 months less 82 days. The assignment of error urges that only 75 days confinement should be affirmed on review because the convening authority erred in suspending confinement in excess of 75 days. We disagree, and conclude that the convening authority did not err in suspending confinement in excess of 75 days. Appellant, however, is entitled to receive full credit against any suspended sentence for confinement which had run by operation of law as of the date of the convening authority's action, in this case 82 days, which leaves only approximately 38 days [1] confinement remaining to be served in the event the suspended confinement is vacated. *Cf. United States v. Lamb,* 22 M.J. 518 (N.M.C.M.R.1986). In view of the difficulty involved in fashioning

a remedy for appellant which would allow for the various contingencies which could occur in the event the suspended portion of the sentence is vacated, we believe it best to rely on the brig administrators to ensure that credit is properly applied in the event the suspension is vacated.[2]

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed. Appellant shall be credited with all confinement served and which has run by operation of law under Article 57(b), UCMJ, including credit for pretrial confinement, in the event the suspended portion of the sentence is vacated.

---

**1.** We use the term "approximately" because a sentence to 4 months confinement does not equate exactly to 120 days confinement. If it did, the credit of 82 days applied against the sentence of 120 days would leave 38 days remaining to serve.

**2.** Appellant has other remedies available in the event credit is not properly applied, including remedial action by means of a petition for extraordinary relief to this court. *Cf. United States v. Boudreaux,* 26 M.J. 879 (N.M.C.M.R. 1988).