**UNITED STATES**

v.

**Phillip R. STEWARD, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 200001004.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 21 Jan. 2000.

Decided 25 July 2001.

CDR Bruce H. Bokony, JAGC, USNR, Appellate Defense Counsel.

LT Amanda A. St. Claire, JAGC, USNR, Appellate Defense Counsel.

LCDR Philip Sundel, JAGC, USNR, Appellate Government Counsel.

Before ANDERSON, Senior Judge, VILLEMEZ and PRICE, Appellate Military Judges.

ANDERSON, Senior Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification of distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The appellant was sentenced to confinement for 5 months, forfeiture of $630 pay per month for 5 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

We have carefully considered the record of trial, submitted without the assignment of error. Except as noted below, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Convening Authority's Action

The convening authority failed to suspend confinement in excess of 150 days, as he was obligated to do under the terms of the pretrial agreement. The fault for this error apparently lies with both the staff judge advocate and the military judge. At trial, the judge incorrectly advised the appellant that the pretrial agreement had no effect upon the sentence, and the staff judge advocate reiterated the incorrect advice to the convening authority.

Under the circumstances of this case, a sentence to 5 months confinement does not equate to 150 days confinement. The appellant's sentence was adjudged on 21 January 2000. Because three 31–day months, one 30–day month, and one 29–day month are included in this 5–month sentence, the appellant would serve 152 days of confinement, with a

release date of 20 June 2000.[1] If he was to serve 150 days confinement, his release date would be 2 days sooner, 18 June 2000. *See* Secretary of the Navy Instruction 1640.9B at ¶¶ 9303 and 9312 (2 Dec 96).

"While 30 days may equate to a month for many commercial purposes, such is certainly not the case when dealing with confinement, and this Court has consistently so held." *United States v. Calvin*, No. 90 1685 (N.M.C.M.R. 22 Aug 1990) (unpublished decision).[2] As noted by the Department of the Navy Corrections Manual, "[s]eeming inequities in sentencing [may] occur because not all months contain the same number of days." SECNAVINST 1640.9B at ¶ 9303.2a. We caution military judges and staff judge advocates alike to be aware of this "months versus days" issue in order to avoid approving more confinement than authorized by either the sentence adjudged or the pretrial agreement.[3]

From the Results of Trial form prepared in this case, the brig was notified that the appellant was sentenced to 5 months confinement, with 16 days of pretrial confinement credit. That form also indicated that the pretrial agreement had no effect on the sentence. Adjusting the sentence for the pretrial confinement credit and the normal 5 days of good conduct time per month, we have determined that the appellant's normal release date was Wednesday, 10 May 2000. If, however, all confinement over 150 days had been suspended as required by the pretrial agreement, his release date would have been Monday, 8 May 2000. In the absence of evidence to the contrary, we presume that the appellant served an extra two days of confinement and was thereby prejudiced. We take corrective action in our decretal paragraph.

### Relaxing Rules of Evidence

█ During the presentencing hearing, the trial defense counsel called a Marine Corporal to testify about the appellant's good military character and his rehabilitative potential. During the course of this testimony, the following colloquy occurred:

Q. Has [the appellant] talked to you about his desire to stay in the Marine Corps?

A. Yes, sir.

Q. Tell the military judge what he has told you?

A. Well, sir—

TC: Objection to hearsay, Your Honor.

MJ: Sustained.

DC: Your Honor, we asked that the rules of evidence be relaxed and that the Corporal testify to what Lance Corporal Steward has told him.

TC: Sir, if I'm not mistaken, evidence being relaxed applies more for documenta-ry[-]type matters.

MJ: That's correct. Objection sustained.

Record at 43–44.

Although not assigned as an error, this ruling by the military judge was in fact erroneous.[4] Under RULE FOR COURTS-MARTIAL

---

1. This release date is unadjusted for pretrial confinement credit and good conduct time.

2. *See United States v. Bess*, No. 90 3473 (N.M.C.M.R. 21 May 1991)(unpublished decision); *United States v. Hill*, 32 M.J. 940, 941 (N.M.C.M.R.1991); *United States v. Escamilla*, No. 90 3446 (N.M.C.M.R. 28 Feb 1991)(unpublished decision); *United States v. Samuel*, No. 90 3654 (N.M.C.M.R. 20 Feb 1991) (unpublished decision); *United States v. Poskin*, No. 90 2825 (N.M.C.M.R. 9 Jan 1991)(unpublished decision); *United States v. Ware*, No. 90 2547 (N.M.C.M.R. 6 Nov 1990)(unpublished decision); *United States v. Heins*, No. 90 0211 (N.M.C.M.R. 4 May 1990)(unpublished decision); *United States v. Eubanks*, No. 90 0040 (N.M.C.M.R. 10 Apr 1990)(unpublished decision); *United States v. Leach*, No. 90 0069 (N.M.C.M.R. 9 Apr 1990)(un-

published decision); *United States v. Covington*, 30 M.J. 1121, 1122 n. 1 (N.M.C.M.R.1989); *United States v. Loft*, No. 80 0572 (N.C.M.R. 30 May 1980), *rev'd on other grounds*, 10 M.J. 266 (C.M.A.1981).

3. On occasion, a sentence to a number of months of confinement could actually be less than an equivalent amount of days of confinement based on a 30-day month. For example, a sentence to two months confinement adjudged on 1 February in a non-leap year would be 59 days, vice 60 days, confinement.

4. The standard of review for the admission of sentencing evidence is whether the military judge clearly abused his discretion. *United States v. Clemente*, 50 M.J. 36, 37 (1999); *United States v. Zakaria*, 38 M.J. 280, 283 (C.M.A.1993).

1001(c)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), the military judge "may, with respect to matters in extenuation or mitigation or both, relax the rules of evidence." "While this rule goes on to discuss the admission of documentary evidence, it is *not* limited to documentary evidence." *United States v. Roth*, 52 M.J. 187, 190 (1999)(emphasis added).

█ Despite the error, we find it to be harmless beyond a reasonable doubt. First, another defense character witness, a Marine Staff Sergeant, testified about the appellant's desire to stay in the service. Second, the appellant himself provided sworn testimony about his desire to complete his enlistment contract. Third, in view of the serious offense (drug distribution) to which the appellant pleaded guilty, the sentence awarded was entirely appropriate and not greater than that which would have been imposed if the error had not been committed. *See United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986). Thus, we conclude that the ruling did not materially prejudice a substantial right of the appellant. Art. 59(a), UCMJ; MIL.R.EVID. 103(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.).

### Conclusion

Accordingly, we affirm the findings and only so much of the sentence as provides for confinement for 150 days, forfeiture of $630 pay per month for 3 months, reduction to pay grade E–1, and a bad-conduct discharge.

Judge VILLEMEZ and Judge PRICE concur.