UNITED STATES

v.

Airman First Class Joey L.
SHOEMAKER, United
States Air Force.

ACM S30057 (f rev).

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 25 Sept. 2001.

27 May 2003.

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Jeffrey A. Vires, Major Patricia A. McHugh, and Major Natasha V. Wrobel.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Captain Lane A. Thurgood.

Before BURD, Senior Judge, ORR, W.E., and ORR, V.A., Appellate Military Judges.

OPINION OF THE COURT UPON
FURTHER REVIEW

BURD, Senior Judge:

On 25 September 2001, the appellant was tried by special court-martial composed of a military judge sitting alone at Cannon Air Force Base, New Mexico. Consistent with his pleas, the appellant was found guilty of one specification of signing a false official record, one specification of making a false official statement, in violation of Article 107, UCMJ, 10 U.S.C. § 907, and one specification of larceny of another airman's personal property of a value more than $100.00, in violation of Article 121, UCMJ, 10 U.S.C. § 921. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 3 months, forfeiture of $200.00 pay per month for 3 months, and reduction to E-1.

Immediately after announcing the sentence, the military judge recommended that the confinement be deferred. The military judge then said: "And I also recommend that the automatic forfeitures applicable in this case be waived. But specifically, I do not recommend that the forfeitures that I have adjudged be waived. That is a different matter."

The appellant's guilty pleas were pursuant to a pretrial agreement with the convening authority. In exchange for those pleas, the convening authority agreed that no confinement in excess of 3 months would be approved. Notwithstanding this agreement, the convening authority granted the appellant clemency by approving only 30 days of the adjudged confinement along with the remainder of the adjudged sentence. In his 29 October 2001 action, the convening authority noted that the service of the sentence to confinement was deferred on 25 September 2001 and the deferment ended on 16 October 2001.

On appeal, the appellant claimed that the staff judge advocate's recommendation (SJAR) and addendum were defective because both documents failed to inform the convening authority that the military judge recommended waiver of automatic forfeitures in conjunction with his sentence announce-

ment. In addition, the appellant claimed that the trial defense counsel's post-trial representation amounted to ineffective assistance of counsel because she did not advise the appellant of his right to request deferment or waiver of automatic forfeitures, failed to submit a written request to the convening authority on behalf of the appellant for deferment or waiver of automatic forfeitures, and failed to bring to the attention of the convening authority that the SJAR was deficient.

On 9 October 2002, we released our decision on the issues raised by the appellant. We held that it was plain error to not include in the SJAR the military judge's recommendation. *United States v. Shoemaker*, ACM S30057 (A.F.Ct.Crim.App. 9 Oct 2002) (unpub. op.). *See* Rule for Courts–Martial (R.C.M.) 1106(d)(3)(B). As a result, we set aside the action of the convening authority and remanded the case for a new SJAR and action. This result mooted the issue of whether the trial defense counsel was ineffective.

The record of trial has now been returned to us for further review after completion of a new SJAR and action by the convening authority. In that further review, we have discovered an error in the new SJAR and a resulting error in the new action. Fortunately, we can eliminate any possible prejudice from the errors by modifying the sentence, thus avoiding the need to return this record once again.

The new SJAR, dated 19 November 2002, correctly informed the convening authority that his predecessor in command approved the sentence as adjudged, "except for confinement in excess of 30 days." The new SJAR, after some appropriate discussion about the case, added correctly that the addendum to the first SJAR recommended approval of "confinement for 1 month." * The recommendation in the new SJAR was for approval of "confinement for one month."

The new action approved "confinement for 1 month."

Confinement for 1 month exceeds confinement for 30 days in those months with 31 days. October is one of seven months each year that consist of 31 days. The approval of confinement for 1 month in the new action exceeded the confinement originally approved because the appellant began serving his confinement in October when his deferment was terminated. *See United States v. Driver*, 49 C.M.R. 376, 378, 1974 WL 14085 (C.M.A.1974) (3–month standard for presumption of violation of Article 10, UCMJ 10 U.S.C. § 810, derived from *United States v. Burton*, 44 C.M.R. 166, 1971 WL 12477 (C.M.A.1971), which modified to 90–day standard to avoid monthly variations), *overruled on other grounds by United States v. Kossman*, 38 M.J. 258 (C.M.A.1993); *United States v. Steward*, 55 M.J. 630–31 (N.M.Ct.Crim.App.2001) (confinement for 5 months exceeded 150 days because three 31–day months, one 30–day month, and one 29–day month were included in the actual time served); *United States v. Williams*, 54 M.J. 757–58 (C.G.Ct.Crim.App.2001) (confinement for 6 months exceeds confinement for 180 days), *rev. denied*, 55 M.J. 156 (2001); *United States v. Hardwick*, 25 M.J. 894, 894–95 (A.C.M.R.1988) (in determining the length of a sentence to confinement the number of days in the applicable months are counted); Air Force Joint Instruction 31–215, *Military Sentences To Confinement*, ¶ 15 (Nov 1964).

The new action in this case, dated 27 February 2003, was taken by the successor in command to the original convening authority. Once the original convening authority unambiguously approved a sentence, which included confinement for 30 days, no authority could increase that approved sentence. *United States v. Loft*, 10 M.J. 266 (C.M.A. 1981); *United States v. Lower*, 10 M.J. 263 (C.M.A.1981). *See* Article 60(c)(2), UCMJ 10 U.S.C. § 860(c)(2); R.C.M. 1107(d). There-

---

* The military judge's recommendation for deferment of confinement and waiver of automatic forfeitures was apparently based on information provided by the appellant during his trial about the appellant's newborn child and his wife's need for his presence while convalescing from the delivery. This information was also apparently the basis for the recommendation in the first SJAR that no confinement be approved. The appellant's deferment of confinement was cut short and the recommendation was changed to confinement for 1 month because, as stated in the first SJAR, the appellant was absent without leave on 16 October 2001.

fore, the approval of confinement for 1 month in the new action was an impermissible increase in the sentence to confinement.

We are confident that the appellant's actual confinement served conformed to the original approved sentence to confinement for 30 days because the erroneous subsequent action was taken long after the sentence to confinement was completed. Throughout the appellant's confinement, confinement authorities would have been aware that the approved sentence to confinement was 30 days. In this light, we cannot say that the appellant has suffered any harm from the erroneous approval of an additional day of confinement. We cannot draw the same conclusion about the future however because when a final accounting of the appellant's pay entitlements and obligations is accomplished after his case becomes final under Article 71(c)(1), UCMJ, 10 U.S.C. § 871(c)(1), the extra day of confinement may increase the appellant's exposure to automatic forfeitures under Article 58b, UCMJ, 10 U.S.C. § 858b. Given this potential, we cannot say that the error is harmless under Article 59(a), UCMJ, 10 U.S.C. § 859(a).

We shall correct the error by modifying the sentence. We affirm only so much of the approved sentence as consists of a bad-conduct discharge, confinement for 30 days, forfeiture of $200.00 pay per month for 3 months, and reduction to E–1. The findings and sentence, as modified, are correct in law and fact. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (2000) and cases cited therein. Accordingly, the findings and the sentence, as modified, are

AFFIRMED.