OPINION OF THE COURT
GONZALES, Judge:
Pursuant to his pleas, the appellant was found guilty, by a military judge sitting as a special court-martial, of three specifications of stealing mail matter, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988) [hereinafter UCMJ]. The appellant was sentenced to a bad-conduct discharge, confinement for six months, forfeiture of $569.00 pay per month for six months, and reduction to Private E1. The convening authority took the following action:
In the case of Private First Class Domenico D. Schiaffo, ... U.S. Army, A Company, 2d Battalion, 501st Aviation Regiment, APO AP 96271-0146, only so much of the sentence as provides for reduction to Private E1, forfeiture of $569.00 pay per month for six months, and confinement for four months is approved and, except for the part of the sentence extending to [sic] bad-conduct discharge, will be executed.
Unless the sentence approved by a convening authority extends to death, a punitive discharge, or confinement of one year or more, jurisdiction will not vest in this court. Article 66(b)(1), UCMJ, 10 U.S.C.A. § 866(b)(1); United States v. Montesinos, 24 M.J. 682 (A.C.M.R.1987). Because the action in the special court-martial before us did not explicitly approve the bad-conduct discharge, we ordered counsel for the appellee to file a brief on the following specified issue:
*834 WHETHER THIS COURT HAS JURISDICTION TO REVIEW THIS CASE UNDER ARTICLE 66(a) AND (b)(1), UNIFORM CODE OF MILITARY JUSTICE.
We have reviewed the brief filed by the appellee and the appellant’s response. For the reasons set forth below, we answer the specified issue in the affirmative.
The former Court of Military Appeals, now the United States Court of Appeals for the Armed Forces [hereinafter Court of Appeals], held that when a convening authority makes no explicit statement approving an adjudged punitive discharge, but directs that the execution of the discharge be suspended for a specified period, then the discharge will be deemed approved by implication. United States v. Loft, 10 M.J. 266 (C.M.A.1981); United States v. McDaniel, 7 U.S.C.M.A 56, 21 C.M.R. 182 (1956). In these two cases, the court relied on paragraph 88a of both the 1969 and 1951 Manuals for Courts-Martial [hereinafter MCM], respectively. These paragraphs provided that “[a]n approval or a disapproval of a sentence should be express and explicit and should not be left to implication,” and the court concluded that this language was “advisory.” Therefore, the language would not invalidate an action which approved or disapproved a sentence by implication Loft, 10 M.J. at 267 (discussing McDaniel, 21 C.M.R. at 184).
Although the language in the action before us did not explicitly approve the bad-conduct discharge, it included the language, “except for the part of the sentence extending to [sic] bad-conduct discharge, will be executed.” We are convinced that this language would be sufficient to imply that a bad-conduct discharge was approved by the convening authority, based on the Court of Appeals’ interpretation of paragraph 88a, MCM, 1969, in Loft and McDaniel.
In 1984, however, paragraph 88a, MCM, 1969, was replaced by Rule for Courts-Martial 1107(d)(1) [hereinafter R.C.M.], which provides that the approval or disapproval of an adjudged sentence “shall be explicitly stated.” See MCM, (1995 edition), app. 21, R.C.M. 1107(d) analysis at A21-81. Rather than be “advisory” in nature, we find that the words “shall be explicitly stated” conveys a requirement that all actions be stated in clear and precise terms. Accordingly, we hold that approval or disapproval of a sentence by implication is no longer permissible.
When an action fails to conform to the “explicit” requirement of R.C.M. 1107(d)(1), it is either incomplete, ambiguous, or erroneous. These types of defective actions fall within the province of R.C.M. 1107(g), which provides that “[w]hen the action of the convening authority or of a higher authority is incomplete, ambiguous or contains clerical errors, the authority who took the incomplete, ambiguous, or erroneous action may be instructed by an authority acting under Article 64, 66, 67, or 69 to withdraw the original action and substitute a corrected action.” R.C.M. 1107(g). The other option, under our Article 66(c), UCMJ, powers, is to construe any ambiguity in an action ourselves, and then we would resolve any inconsistencies in favor of the accused. United States v. Wendlandt, 39 M.J. 810, 813 (A.C.M.R.1994); United States v. Yarbrough, 36 M.J. 1071, 1074 (A.C.M.R.1993); United States v. McIntosh, 25 M.J. 837, 839 (A.C.M.R.1988).
Although we find that the convening authority’s action is ambiguous on its face, we hold that the convening authority’s intent is clear, and was especially clear to this appellant. Four factors convince us that we should return this ambiguous action to the convening authority for correction. First, after announcing the sentence, the military judge explained the effect of the pretrial agreement upon the sentence and correctly told the appellant that the convening authority could approve the bad-conduct discharge. Second, the staff judge advocate recommended that the convening authority approve the adjudged sentence, but that consistent with the pretrial agreement, he must disapprove any confinement in excess of four months. Third, the staff judge advocate submitted an affidavit on the specified issue where he explained that the convening authority intended to approve the bad-conduct discharge. Fourth, in his matters raised *835 pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), the appellant personally requested that this court disapprove his bad-conduct discharge. We hold that the convening authority intended to approve the adjudged bad-conduct discharge and that the appellant clearly understood the ambiguous action to do just that.
The record of trial will be returned to the same convening authority to withdraw the action, dated 8 September 1995, and to substitute a corrected action in accordance with Article 60(cMd), 10 U.S.C.A. § 860(c, d), Uniform Code of Military Justice and Rule for Courts-Martial 1107(g). The record of trial will be returned to this court within (thirty) 30 days for such further disposition or review as may be required.
Senior Judge EDWARDS and Judge ARQUILLA concur.