# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
**Washington, DC**

## UNITED STATES

**v.**

## Allen T. Haynes
**Seaman Food Service Specialist, U. S. Coast Guard**

**CGCMS 24181**
**Docket No. 1126**

**24 July 2000**

Special Court-Martial convened by Commanding Officer, USCGC LAUREL (WLB 291). Tried at U. S. Naval Station, Mayport, Florida, 12 August 1999

Military Judge: LCDR Rosanne Trabocchi, USCG
Trial Counsel: LCDR James B. Donovan, USCG
Detailed Defense Counsel: LT Cyndi R. Peppetti, JAGC, USNR
Appellate Defense Counsel LCDR Jeffrey Good, USCG
Appellate Government Counsel: LCDR C. P. Reilly, USCG

**BEFORE**
**PANEL FOUR**

**BAUM, KANTOR, WESTON**
Appellate Military Judges

BAUM, Chief Judge:

The Acting Chief Counsel of the Coast Guard forwarded this special court-martial (SPCM) record to the Court for review pursuant to Article 66 (b), Uniform Code of Military Justice (UCMJ) on March 3, 2000. On 19 July 2000, after enlargements of time had been granted to file assignments of error and brief, Appellant moved that this Court return the record to the Chief Counsel for further action pursuant to Rule for Courts-Martial (RCM) 1112. Among other things, that rule provides for review of a SPCM by a judge advocate when the approved sentence does not include a bad conduct discharge (BCD) or when the accused has waived or withdrawn appellate review under RCM 1110. Appellant submits that he decided to waive appellate review of his case shortly after trial and that he mailed such a waiver to the convening authority before that officer acted on the record, but that the waiver was either

misdirected or lost subsequent to mailing and therefore not attached to the record in compliance with RCM 1110(e)(1). Appellant asks this Court to consider that his waiver was filed with the convening authority upon its mailing and that review of the record under Article 66, UCMJ, be deemed barred pursuant to Article 61, UCMJ. In the alternative, Appellant moves to withdraw his case from this Court pursuant to this Court s Rule 14, and requests that we order the record returned to the Chief Counsel for review in accordance with RCM 1112. Furthermore, Appellant moves to attach various documents for consideration in support of his waiver and withdrawal requests. The motion to file these documents is hereby granted.

The documents confirm that Appellant mailed a waiver of appellate review to the convening authority before that officer took action on the record. To bar appellate review of a case, however, waiver must be filed within ten days after service of the convening authority s action on the accused or his defense counsel, not before that action is taken. *United States v. Hernandez*, 33 M.J. 145 (C.M.A. 1991). Accordingly, even if we were to deem Appellant s waiver to have been filed when mailed, as requested by Appellant, it would not be effective to bar our review of this case. Furthermore, Appellant s alternative request for withdrawal of review does not act as a bar to further review upon its filing with the Court. It is only upon our granting the withdrawal request that further review will be barred. *United States v. Johnson*, 29 M.J. 1065, 1067 (C.G.C.M.R. 1990); see also *United States v. Ross*, 32 M.J. 715, 716 (C.G.C.M.R. 1991). In determining whether to grant the motion to withdraw the case, "we will balance carefully the accused s request for withdrawal and the reasons given for its submission against its impact on judicial accuracy and economy." *United States v. Rimando*, 51 M.J. 553, 554 (C.G.Ct.Crim. App. 1999). Upon application of this balancing test, we have determined that judicial accuracy requires correction of the convening authority s action before further review of any kind may be accomplished. In the interest of judicial economy we will order that correction now rather than grant Appellant s request for withdrawal.

## Analysis of the Convening Authority s Action

The convening authority s action on the adjudged sentence of four months confinement, reduction to pay grade E-1, and a BCD, reads as follows:

> In the case of Seaman Allen T. Haynes, . . . U.S. Coast Guard, confinement of four months and reduction to E-1 is approved. However, any confinement in excess of ninety days is suspended for twelve months from the date the sentence is announced, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action. And, except for the bad-conduct discharge, this sentence will be executed.

This action fails to state that the BCD has been approved. Since RCM 1107(d)(1) counsels that approval of a sentence should be explicitly stated, we would have to conclude that the convening authority did not approve the BCD, but for the fact that the same RCM advises that sentence disapproval should also be

stated explicitly. Furthermore, inclusion of the phrase, "except for the bad-conduct discharge, this sentence will be executed," seems to indicate that the convening authority did not intend to disapprove the BCD. On the other hand, while the phrase regarding sentence execution is certainly inartful, if the convening authority intended disapproval of the BCD, it might not be inconsistent with such an action. The fact that the staff judge advocate recommended approval of the BCD and presumably sent the record to the Chief Counsel for further review under Article 66, UCMJ, indicates that approval of the BCD was intended. A contrary inference may be drawn, however, from the defense counsel s clemency request for disapproval of the BCD, which the convening authority was advised he must consider before taking action on the sentence, raising the possibility that his failure to explicitly approve the BCD simply reflects a decision to grant the clemency request.

If the convening authority s intent was clear and open to only one meaning, we could either complete our review of the record, as was done in *United States v. Loft*, 10 M.J. 266 (C.M.A. 1981), despite the convening authority s failure to explicitly approve the BCD, or permit review by a Judge Advocate pursuant to RCM 1112 by granting Appellant s request for withdrawal. The action in this case is not open to only one meaning, however. It is, instead, unclear from this action exactly what the convening authority intended with respect to the BCD. When an action is ambiguous, as we have determined this one to be, the record may be returned to the convening authority for correction pursuant to RCM 1107 (g), or the option posited by the Army Court in *United States v. Schiaffo*, 43 M.J. 835, 836 (Army Ct. Crim.App.1996), may be exercised, "to construe any ambiguity in an action ourselves, and then . . . resolve any inconsistencies in favor of the accused." We opt for return of the record to the convening authority for clarification of his intent, as was done in *United States v. Lower*, 10 M.J. 263 (C.M.A. 1981).

In light of the foregoing, Appellant s motions for forwarding of this record to the Chief Counsel for further review by a judge advocate pursuant to RCM 1112 and withdrawal of the record from review by this Court are denied. It is hereby ordered that the record be returned to Commander, Seventh Coast Guard District for correction of the action on the sentence, since that officer took action on this record under RCM 1107(a) upon decommissioning of USCGC Laurel, whose commanding officer convened the court originally. If the corrected action makes it clear that the BCD has not been approved, then the record will be reviewed by a judge advocate pursuant to RCM 1112. If the BCD is approved, then Appellant will have ten days after service of that action on him to waive appellate review, if that continues to be the course he desires to take. Otherwise, the record will be returned to this Court for completion of review under Article 66, UCMJ.

Judge Weston concurs. Judge Kantor did not participate in this decision.

For the Court,

//s//

James P. Magner
Clerk of the Court