# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## James T. BAYLE
## Boatswains Mate Third Class (E-4), U.S. Coast Guard

## CGCMG 0173

## Docket No.  1152

## 21 February 2002

General Court-Martial convened by Commander, First Coast Guard District.  Tried at Boston, Massachusetts, on 1 May 2001.

| | |
|---|---|
| Military Judge: | CAPT Michael J. Devine, USCG |
| Trial Counsel: | LT Andrea Katsenes, USCG |
| Assistant Trial Counsel: | LCDR Elisa P. Holland, USCG |
| Detailed Defense Counsel: | Lt. Andrew Salter, JAGC, USNR |
| Assistant Defense Counsel: | Lt. John D. Gates, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCGR |

## BEFORE
## PANEL SEVEN
## BAUM, BRUCE, & KILROY
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Under a pretrial agreement, he pled guilty and was convicted of one specification of violating a lawful general order by wrongfully using a Coast Guard computer to access, view, download, modify, and store computer files containing images depicting nudes, erotica, and sexually explicit conduct, in violation of Article 92 of the Uniform Code of Military Justice (UCMJ).  Among other things, the pretrial agreement required the convening authority to defer all administrative forfeitures imposed under Article 58b, UCMJ, from the time of sentencing until the convening authority's action on the sentence, and then waive those forfeitures for a period of six months from the date of the convening authority's action on the sentence.  The military judge sentenced Appellant to a bad conduct discharge, confinement for two months, and reduction to pay grade E-1, which the convening authority approved as adjudged.  Approval of the sentence was allowed by the terms of the pretrial agreement.  However, the convening authority failed to indicate in his action that

he had complied with the agreement's requirement to defer and waive Article 58b forfeitures. Moreover, as Appellant has pointed out, the convening authority purported to order the bad conduct discharge executed, which is an act that cannot be taken prior to completion of appellate review. Accordingly, we deem the portion of the convening authority's action ordering execution of the bad conduct discharge to be a nullity.

## Waiver of Forfeitures Under Article 58b, UCMJ

Before this Court, Appellant has assigned as error the convening authority's failure to waive automatic forfeitures as required by the pretrial agreement. He has advised the Court that automatic forfeitures, in fact, were not applied to his pay and that he has actually received all the money due him, but he asserts that the convening authority's failure to affirmatively waive the forfeitures leaves him at risk of a later recouping of this money by the Coast Guard. In order to correct this situation, he requests action that will protect against any potential recoupment. He suggests that this Court do one of three things as a remedy: (1) direct the convening authority to submit a corrected action; (2) order the convening authority to effectuate a waiver; or (3) memorialize in this opinion a determination that Appellant should not be subjected to automatic forfeitures. He offers, as an example of such action, the step taken by our sister court in *United States v. Powe*, NMCM 98 00490, 1999 CCA LEXIS 101 (N.M.Ct.Crim.App. Apr. 30, 1999). In that case the court tasked the discharge authority with ensuring that the appellant received the benefit of his pretrial agreement's waiver-of-automatic-forfeitures provision, upon final accounting of pay prior to discharge. Rather than leaving to the ultimate discharge authority the function of overseeing compliance with the pretrial agreement, we believe that, consistent with our duty to affirm only such part of the sentence as we find to be correct in law, we may order waiver of the automatic forfeitures. We believe that fourth option is open to this Court, in a case such as this.

## Authority of This Court to Waive Forfeitures Pursuant to Pretrial Agreement

Our higher court has held that service appellate courts have authority to take certain actions required by law, even when such actions are not the kind generally authorized for a court of criminal appeals. For example, courts of criminal appeals do not have general authority under Article 66, UCMJ, to suspend sentences, but if a pretrial agreement requires sentence suspension and the convening authority has failed to take that action, the court of criminal appeals is authorized to carry out that term of the agreement by suspending the sentence. *United States v. Cox*, 22 USCMA 69, 46 CMR 69 (CMA 1972); *accord United States v. Clark*, 16 M.J. 239 (CMA 1983); *United States v. Darville*, 5 M.J. 1, 3 (CMA 1978); *United States v. Scott*, 4 M.J. 205 (CMA 1978); *United States v. Cunningham*, 27 M.J. 899 (CGCMR 1989). Applying the rationale of *United States v. Cox*, *supra*, to the facts of this case, we conclude that this Court has the power to waive Article 58b forfeitures as required by the pretrial agreement, even if this Court does not have statutorily-expressed authority to take such waiver action. In the interest of judicial economy, we will take that action rather than sending the record back to the convening authority or ordering him to issue a corrected action.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of

the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed. Additionally, in compliance with the terms of the pretrial agreement, all forfeitures of Appellant's pay under Article 58b, UCMJ, are waived.

For the Court,



Kevin G. Ansley
Clerk of the Court