# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Douglas L. KOLBJORNSEN
### Boatswains Mate First Class (E-6), U.S. Coast Guard

## CGCMG 0175

## Docket No. 1155

## 9 April 2002

General Court-Martial convened by Commander, First Coast Guard District. Tried at Boston, Massachusetts, on 2 May 2001.

| | |
|---|---|
| Military Judge: | CAPT Michael J. Devine, USCG |
| Trial Counsel: | LCDR Richard T. Schachner, USCG |
| Assistant Trial Counsel: | LCDR Sean P. Gill, USCG |
| Detailed Defense Counsel: | LT Andrew L. Salter, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCGR |

## BEFORE
## PANEL NINE
## BAUM, BRUCE, & PALMER
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of one specification of failure to obey a lawful general order in violation of Article 92 of the Uniform Code of Military Justice (UCMJ), and fourteen specifications of wrongful possession of a computer disk containing child pornography that had been transported in interstate commerce, an act made criminal by 18 U.S.C. § 2252A, in violation of Article 134 of the UCMJ. Appellant was sentenced to a dishonorable discharge, confinement for twelve months, and reduction to E-1. With respect to that adjudged sentence, the pretrial agreement allowed approval of all elements, requiring only that the convening authority suspend confinement in excess of ten months. While forfeiture of pay was not adjudged by the court, the combination of confinement and a punitive discharge called for automatic forfeitures under Article 58b, UCMJ, for the period of actual confinement. In this regard, the pretrial agreement required the Convening Authority to defer any forfeitures automatically activated under Article 58b, UCMJ, from the date the forfeitures were to commence until the Convening Authority acted on the sentence, at which time, the plea bargain required them to be waived for six months.

In his action on the sentence, the convening authority waived the forfeitures for six months, as required, but made no mention of any deferral. As to the adjudged sentence, the Convening Authority went beyond the requirement of the pretrial agreement, stating in his action that "only so much of the sentence as provides for a bad conduct discharge, confinement for 3 months, and reduction to pay grade E-1 is approved . . . ." Additional language, however, purporting to suspend confinement in excess of three months has created a question with respect to the period of confinement the convening authority intended to approve. Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors, but specifically notes the problems in the convening authority's action with respect to confinement and the failure to defer Article 58b forfeitures.

Appellant acknowledges that forfeitures were never deducted from his pay, but expresses concern that the Government could attempt to recoup a portion of his pay on the basis that forfeitures not deferred, arguably, should be collected. Consequently, Appellant requests that this Court take the necessary corrective steps to prevent such action from occurring. To achieve this result, we will order that all forfeitures accruing before waiver are deemed to have been deferred under the terms of the pretrial agreement, just as we ordered waiver of forfeitures in *United States v. Bayle*, 56 M.J. 762 (C.G.Ct.Crim.App. 2002), to comply with the pretrial agreement in that case. In addition, we will address the question concerning approved confinement that has been generated by the wording of the convening authority's action.

After explicitly approving confinement for three months, the convening authority confused the situation by further stating: "[B]ut the execution of that part of the sentence extending to confinement in excess of 3 months is suspended for 12 months, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action." Rules for Court-Martial (RCM) 1107(f)(4)(B) and 1108(b) contemplate suspension of a sentence only after it has first been approved, and RCM 1107 (d)(1) instructs the convening authority to explicitly state his approval or disapproval of a sentence when acting on the record. Moreover, as Judge Gierke stated in *United States v. Leaver*, "a court-martial sentence is inchoate until approved by the convening authority." 36 M.J. 133, 136 (CMA 1992) (Gierke, J., concurring).

Accordingly, with the explicit approval of only three months confinement, it appears that there was no additional approved confinement that could be suspended, unless approval of more confinement may be read into the convening authority's action at this point. The Government, while agreeing that "a portion of a sentence that is not approved cannot be suspended," Gov't Br. at 6, submits that approval of the entire 12 months confinement is implicit, as the only reasonable interpretation of the convening authority's action to suspend. Furthermore, citing *United States v. Loft*, 10 M.J. 266 (CMA 1981), the Government contends that we should make that finding, much as the Court of Military Appeals did in *Loft* with respect to a bad conduct discharge that had not been explicitly approved by the convening authority. If we feel that further clarification of the convening authority's intent is necessary, the Government submits that we should return the record, as done by this Court in *United States v. Haynes*, 53 M.J. 738 (C.G.Ct.Crim.App. 2000).

There are factual differences that distinguish the instant case from *United States v. Loft*, *supra*. First, in *Loft*, the convening authority suspended the bad conduct discharge without stating either his approval or disapproval of that sentence element. As a result, the only reasonable interpretation from his action to suspend the discharge was that he intended to approve it first, and

had simply neglected to do that. Here, with the explicit approval of three months confinement, we cannot assume that the convening authority simply neglected to state his approval of confinement. Additionally, if we are to interpret the stated suspension of "confinement in excess of 3 months," as indicating an intent to approve more confinement, how do we determine just how much more that would be? The Government argues that from the language suspending all confinement in excess of 3 months it is reasonable to conclude that the convening authority intended to approve the entire 12 months of adjudged confinement and to suspend 9 of those months. We do not see that as the only reasonable interpretation. The convening authority's staff judge advocate made two recommendations with respect to approval of confinement. He first recommended that the convening authority approve 10 months confinement and suspend two months, but later recommended approval of three and a half months. To conclude that the convening authority intended to approve the entire 12 months, we would have to assume that he rejected the recommendations from his SJA that a lesser amount be approved. At this point, we are of the view that approval of any amount of additional confinement would be purely speculative. Most importantly, however, with the explicit approval of only three months confinement, adding to that approved confinement could be seen as an illegal increase of the approved sentence.

In *United States v. Haynes, supra*, we returned a record for clarification by the convening authority pursuant to RCM 1107(g) upon finding ambiguity in his action. Such a course of action would appear open here, but for the possibility of an increase in the expressly approved sentence of three months upon return of the record. In both *United States v. Loft, supra*, and *United States v. Haynes, supra*, the convening authority had neither approved nor disapproved the punitive discharge that was ostensibly suspended. That is not the case here with respect to the confinement in question. We noted in *Haynes* another option when finding the sentence action ambiguous, as posited by the Army Court in *United States v. Schiaffo*, 43 M.J. 835, 836 (Army Ct.Crim.App. 1996): "[T]o construe any ambiguity in an action ourselves, and then . . . resolve any inconsistencies in favor of the accused." We deem that to be the preferred action in this case, where a precise amount of confinement has been explicitly approved and any additional amount could be seen as an illegal increase. Rather than open the possibility of an increase in approved confinement upon return of the record, we will resolve the inconsistency in favor of the Appellant and affirm only confinement that has been explicitly approved.

In light of the foregoing, the findings of guilty and the sentence approved below that includes a bad conduct discharge, three months confinement, and reduction to paygrade E-1 are affirmed. Furthermore, in accordance with the pretrial agreement, all forfeitures under Article 58b, UCMJ, which would have accrued prior to the convening authority's action on the sentence are deemed to have been deferred prior to that action.

Judges BRUCE and PALMER concur.



For the Court,


Kevin G. Ansley
Clerk of the Court