UNITED STATES, Appellant

v

JAMES H. McDANIEL, Utilities Man Second Class,
U. S. Naval Reserve, Appellee

7 USCMA 56, 21 CMR 182

No. 7933

Decided May 4, 1956

*Major Charles B. Guy,* USMC, argued the cause for Appellant, United States.

*Lieutenant (jg) Alan J. Hartnick,* USNR, argued the cause for Appellee, Accused. With him on the brief was *Commander John W. Shields,* USN.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of larceny, in violation of Article 121, Uniform Code of Military Justice 50 USC § 715, and sentenced him to a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $30.00 per month for a like period, and reduction to construction man recruit. In acting on the case, the convening authority provided that:

".  .  . only so much of the sentence as provides for confinement at hard labor for two months, forfeiture of $30.00 per month for two months, and reduction to construction man recruit is approved and will be duly executed, but the execution of that portion thereof adjudging bad conduct discharge is suspended for the period of confinement and six months thereafter, at which time, unless the suspension is sooner vacated, the bad conduct discharge shall be remitted without further action."

The terminal part of the convening authority's action indicates that the record of trial "is forwarded for action under Article 65(b), UCMJ."

When the record of trial was received

**57**

by the general court-martial authority, he noted that the convening authority's action did not explicitly approve the bad-conduct discharge as part of the sentence. Accordingly, he returned the record to the convening authority with a direction to withdraw the original action and substitute a corrected one. The convening authority complied with the instructions. His second action modified the findings of guilty and provided that only

". . . so much of the sentence as provides for confinement at hard labor for two (2) months, forfeiture of $30.00 per month for two (2) months, reduction to construction man recruit, and discharge from the service with a bad conduct discharge, is approved and will be duly executed, but the execution of that portion of the sentence adjudging bad conduct discharge is suspended for the period of confinement and six (6) months thereafter at which time, unless the suspension is sooner vacated, the bad conduct discharge shall be remitted without further action."

With a minor change, the general court-martial authority approved the sentence. On further review, a divided board of review held that, in his second action, the convening authority illegally increased the severity of the original sentence approved by him. Consequently, it affirmed a sentence which did not include the bad-conduct discharge. Thereupon, The Judge Advocate General of the Navy certified the following questions:

"(a) 'Was the action of the supervisory authority in returning the record to the convening authority pursuant to paragraph 95, Manual for Courts-Martial, United States, 1951, to correct certain irregularities in his original action authorized?'

"(b) 'Was the action of the convening authority on 11 October 1955 legal?' "

Under the Uniform Code, when the sentence of a special court-martial, as approved by the convening authority, includes a bad-conduct discharge, the record of trial is further reviewed by the general court-martial authority of the command "in the same manner as a record of trial by general court-martial" (Article 65(b), Uniform Code of Military Justice, 50 USC § 652). However, the supervisory authority's review is limited by the convening authority's action on the findings and the sentence. See United States v Massey, 5 USCMA 514, 18 CMR 138; United States v Watkins, 2 USCMA 287, 8 CMR 87. In United States v Lanford, 6 USCMA 371, 381, 20 CMR 87, we said that "Congress did not intend the sentence review to be a guessing game. Rather, it desired that the judgment of each reviewing authority be an informed judgment; that is, a judgment based on facts not fancy." In recognition of the Congressional intention, the Manual for Courts-Martial provides that:

"When, as an incident of the review of a record of trial pursuant to Articles 65b, 66, 67, or 69, it is noted that the action of the convening authority or of a higher authority is incomplete, ambiguous, or contains clerical errors, the authority who took the incomplete, ambiguous, or erroneous action may be instructed to withdraw the original action and to substitute a corrected action therefor." [Paragraph 95.]

If, therefore, the convening authority's original action was incomplete or ambiguous, the supervisory authority acted properly in directing him to withdraw his action and substitute another.

The Manual for Courts-Martial requires the convening authority to make his approval or disapproval "express and explicit and . . . [not leave it] to implication" (paragraph 88a, page 147). This provision however, is merely advisory. It does not invalidate an action which approves or disapproves a sentence by implication rather than in express terms. Neither military nor civilian law demands rigid adherence to abstract form. The law looks to the substance of what is said and done, not to the manner of expression, or the form of the act. United States v Cam-

58

bridge, 3 USCMA 377, 12 CMR 133; United States v Gilgallon, 1 USCMA 263, 2 CMR 170.

The accused maintains that approval of a sentence and its execution are "two distinct legal events." The ▮▮▮▮▮ statement is legally correct but it does not help us in the solution of our problem. We are not dealing here with two instruments that are separate in time, circumstance, and content. There is only one instrument. In it the convening authority acted in regard to two matters, approval and execution. His intention as to both must be gleaned from the whole writing.

If the convening authority's action is construed as disapproving the bad-conduct discharge, two of its ▮▮▮▮▮ substantial parts must be disregarded. First, the convening authority's direction for the suspension and automatic remission of the discharge must be set aside as meaningless surplusage. Second, his concluding statement that the record of trial is forwarded under the provisions of Article 67(b), 50 USC § 654, must be regarded as an absurdity, inasmuch as the cited Article provides for a supervisory review of a sentence, which *as approved* by the convening authority, includes a punitive discharge. On the other hand, if effect is given to all the provisions of the convening authority's action, it is unmistakably clear that he approved the bad-conduct discharge as part of the sentence.

This Court has frequently pointed out that a writing should be construed to give meaning and effect to all its provisions. United States v Gray, 6 USCMA 615, 620, 20 CMR 331; United States v Padilla, 1 USCMA 603, 5 CMR 31; United States v Lucas, 1 USCMA 19, 22, 1 CMR 19. When alternative constructions are possible "the more reasonable should be chosen." United States v Padilla, supra, 607. Applying these well-settled principles to this case, it incontrovertibly appears that the convening authority's action implied approval of the discharge imposed by the court-martial. Since approval was implied, rather than explicit, the supervisory authority could properly return the record of trial to the convening authority for a more precise statement of the details of his action. In complying with the direction, the convening authority simply made definite what he had previously done in regard to the sentence. He did not add to its severity. Accordingly, his action was legally correct.

Both of the certified questions are answered in the affirmative. The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Navy for resubmission to the board of review for reconsideration of the case on the merits.

Judge LATIMER concurs.

Judge FERGUSON did not participate in the decision in this case.