**UNITED STATES, Appellee,**

v.

**James C. LOWER, Seaman Recruit, U.S. Naval Reserve, Appellant.**

No. 37,978.

NCM 79 0627.

U. S. Court of Military Appeals.

Feb. 17, 1981.

For Appellant: *Lieutenant Commander Lawrence W. Muschamp*, JAGC, USN (argued); *Commander Sebastian Gaeta, Jr.*, JAGC, USN; *Lieutenant Commander Patrick A. Fayle*, JAGC, USN.

For Appellee: *Lieutenant J. G. Van Winkle*, JAGC, USNR (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

## OPINION OF THE COURT

FLETCHER, Judge:

This granted issue compels us to consider "[w]hether a harsher sentence than that originally approved by the convening authority can be [effectively] imposed by [direction] of the supervisory authority." We have no doubt about the occasional need for correction of ambiguities in a convening authority's action or of the supervisory authority's power to dictate a clarification pursuant to paragraph 95, Manual for Courts-Martial, United States, 1969 (Revised edition). But in this instance, the substitute convening authority failed to indicate by any means what was meant by his predecessor in his original approval of sentence. Hence, without further clarification, we are unable to approve the award of a bad-conduct discharge unmentioned in the original action and must reverse the court below.

The appellant was successfully tried and convicted in a special court-martial of a single charge of unauthorized absence under Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Before a military judge sitting alone he was sentenced to confinement at hard labor for 3 months, forfeiture of $200 pay per month for 3 months, and a bad-conduct discharge. The published action of the convening authority approved only so much of the sentence as extended to 85 days of confinement. This disposition was, however, followed by the standard practice language which ordinarily accompanies actions approving forfeitures and confinement:

In the foregoing special court-martial case of Seaman Recruit James Craig LOWER, U.S. Naval Reserve, only so much of the sentence as provides for 85 days confinement at hard labor is approved and will be duly executed. The forfeitures shall apply to pay becoming

due on and after the date of this action. The Naval Correctional Center, Naval Station Guam, Marianas Islands is designated as the place of temporary custody pending review of the case by the supervisory authority. Thereafter, the accused will be transferred to the Naval Correctional Center, U.S. Naval Support Activity, Treasure Island, San Francisco, California and therein retained pending completion of appellate review.

These additional references caught the attention of the supervisory authority who determined that the convening authority's action was "ambiguous" and ordered it returned with the direction to substitute a "corrected" action:

In the Special Court-Martial case of Seaman Recruit (E–1) James Craig LOWER, U.S. Naval Reserve, 553 15 6114, USS HULL (DD–945), on active duty, it is noted that the convening authority, in his initial action, approved and ordered executed "only so much of the [adjudged] sentence as provides for 85 days confinement at hard labor"; yet, he purported to apply the forfeitures, which he had not approved, to the accused's pay becoming due on and after the date of his action, provided for custody of the accused "pending completion of appellate review," and forwarded the record of trial to the undersigned officer as supervisory authority "for action pursuant to Article 65(b), UCMJ," which tend to indicate that it was the intent of the convening authority to approve the adjudged forfeitures and to approve, unsuspended, the adjudged bad conduct discharge. Moreover, although the sentence to confinement began to run from the date the sentence was adjudged (Art. 57(b), UCMJ), the convening authority may not order the approved sentence to confinement into execution unless he disapproved or probationally suspended the adjudged bad conduct discharge (para. 88d, MCM 1969 (Rev.)).

The action of the convening authority is ambiguous. Accordingly, pursuant to paragraph 95, MCM, 1969 (Rev.), the record of trial is returned to the convening authority, with the instruction that he withdraw his original action and substitute a corrected action therefor reflective of his true intent as to the sentence. In this connection, the attention of the convening authority is invited to Sample Form 11, Appendix 14a, at page A14–2, and the sample forms contained in Appendix 14b, MCM 1969 (Rev.).

Subsequently, upon return, the original convening authority, commander of the USS HULL, was no longer present to clarify his intent. In his stead, the acting commander withdrew the original action of his predecessor and published a new version approving, inter alia, a bad-conduct discharge. This was approved by the supervisory authority and affirmed by the United States Navy Court of Military Review.

We cannot say that the supervisory authority's action to seek correction was improper under these circumstances. His authority to instruct correction of ambiguity is paragraph 95, Manual, supra:

95. CORRECTION OF RECORDS OF TRIAL SUBJECT TO APPELLATE REVIEW. When a record of trial by general court-martial, or a record of trial by special court-martial in which a sentence to bad-conduct discharge has been approved, has been forwarded by a convening authority to higher authority and error of the kind mentioned in 86c and d is noted by the higher authority, the record will be returned to the convening authority (Art. 60) with directions for the correction of the record or revision of the proceedings.

When, as an incident of the review of a record of trial pursuant to Articles 65(b), 66, 67, or 69, it is noted that the action of the convening authority or of a higher authority is incomplete, ambiguous, or contains clerical errors, the authority who took the incomplete, ambiguous, or erroneous action may be instructed to withdraw the original action and to substitute a corrected action therefor. See Appendix 14 for a form of corrected action by the convening authority.

The question we confront here is whether, by publishing a new draft without any communication with the original taker of the action, the acting convening authority can correct the ambiguity of his predecessor where this results in a harsher sentence. It is true that the powers of a commander repose in the office held, not in the holder of the office. *United States v. Bunting*, 4 U.S.C.M.A. 84, 15 C.M.R. 84 (1954). Nevertheless, the entire purpose of this returned completed action was to resolve what superficially appeared ambiguous. Thus, some indication of the meaning of the published approval of sentence can only be forthcoming from the authority who drafted it. We decline to lay down a hard rule as to the evidentiary form this need take. In this record there is no evidence of any communication with the commander originally approving the lesser sentence. As we are unable to consider the new order as it stands as a correction envisioned by paragraph 95, we are compelled to reverse the United States Navy Court of Military Review. The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for 85 days' confinement at hard labor.

Chief Judge EVERETT and Judge COOK concur.