**UNITED STATES, Appellant,**

v.

**Richard E. LOFT, Electrician's Mate Third Class, United States Navy, Appellee.**

No. 39,437.
NCM 80 0572.

U. S. Court of Military Appeals.

Feb. 17, 1981.

For Appellant: *Lieutenant Commander John C. Vinson, JAGC, USN* (argued); *Commander T. C. Watson, Jr., JAGC, USN* (on brief).

For Appellee: *Lieutenant Commander Patrick A. Fayle, JAGC, USN* (argued).

### OPINION OF THE COURT

COOK, Judge:

Appellant was convicted by a special court-martial consisting of a military judge alone of absence without authority (3 specifications), in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced to confinement at hard labor for 4 months, forfeiture of $200 pay per month for 4 months, reduction to E-1, and a bad-conduct discharge. The convening authority took the following action:

In the foregoing case of Electrician's Mate Third Class Richard E. Loft, U. S. Navy, only so much of the sentence as provides for confinement at hard labor for 120 days; forfeiture of $200.00 pay per month for three months is approved and will be duly executed. The forfeiture of $200.00 pay per month for one month and the execution of the bad-conduct discharge are suspended for 12 months from date of trial at which time unless sooner vacated the suspension portion of the sentence will be remitted without further action.

The record of trial is forwarded to Commander Submarine Force, U. S. Atlantic Fleet for action under Article 65(d), Uniform Code of Military Justice.

The supervisory authority's staff judge advocate noted in his post-trial review that the "Convening Authority's Action could have been more artfully drafted," but concluded that the convening authority had approved confinement at hard labor for 120 days; approved forfeitures of $200 pay per month for 3 months but suspended forfeiture of $200 pay per month for 1 month; approved but suspended the bad-conduct discharge; and disapproved the reduction in grade. He further recommended that the convening authority's action be clarified. A copy of the post-trial review was served on trial defense counsel who did not submit any comments. The supervisory authority, in turn, took the following action:

> [O]nly so much of the sentence as provides for confinement at hard labor for four months; forfeiture of $200.00 pay per month for three months; and a bad conduct discharge is approved and will be duly executed, but the execution of those portions of the sentence as provide for confinement at hard labor in excess of 120 days; forfeiture of $200.00 pay per month in excess of two months; and a bad conduct discharge are suspended for twelve months from the date of trial, at which time, unless sooner vacated, the suspended portions of the sentence shall be remitted without further action.

The United States Navy Court of Military Review held that the supervisory authority increased the punishment by approving confinement at hard labor for 4 months rather than 120 days and by approving the bad-conduct discharge because the convening authority had not approved a bad-conduct discharge. It modified the sentence accordingly.[1] The Judge Advocate General has certified two issues to this Court;

---

1. The Government conceded before the United States Navy Court of Military Review that the approval of confinement at hard labor for 4 months by the supervisory authority exceeded the sentence approved by the convening authority.

## I

Whether the United States Navy Court of Military Review was correct in construing the action of the convening authority to have resulted in a disapproval of the punitive discharge?

## II

If the answer to the first certified question is in the negative, then was the supervisory authority justified in correcting a perceived ambiguity in the action of the convening authority within the text of his own Article 65(c) action, without referring the matter back to the convening authority for clarification?

We answer the first certified issue in the negative. In *United States v. McDaniel*, 7 U.S.C.M.A. 56, 21 C.M.R. 182 (1956), the Court held that a convening authority had implicitly approved an adjudged punitive discharge where he made no explicit statement of approval but directed that the execution of the discharge would be suspended for a specified period. We held that paragraph 88 *a*, Manual for Courts-Martial, United States, 1951, which contains a reference to an explicit approval of a sentence by a convening authority, was only advisory.[2] Indeed, the Court observed that "[n]either military nor civilian law demands rigid adherence to abstract form." *Id.* at at 58, 21 C.M.R. at 184. *See United States v. Nastro*, 7 U.S.C.M.A. 373, 22 C.M.R. 163 (1956).

Here, as in *McDaniel*, we believe that the only reasonable interpretation of the convening authority's action includes approval of the bad-conduct discharge. Although he did not explicitly approve the bad-conduct discharge, he did act to suspend it. The suspension action would have been mean-

---

2. A similar provision is set forth in paragraph 88 *a*, Manual for Courts-Martial, United States, 1969 (Revised edition).

ingless in the absence of an approval of that portion of the adjudged sentence. Additionally, he forwarded the record for further review pursuant to Article 65(d), UCMJ. We note that there is no paragraph "(d)" to Article 65, but the record was reviewed pursuant to paragraph "(b)." Thus, we view the reference to paragraph "(d)" as a typographical error. The convening authority's action in forwarding the record to the general court-martial convening authority was consistent with approval of a bad-conduct discharge, as such action is required by paragraph "(b)." We further note that the terms of a pretrial agreement provided for approval and suspension of any adjudged bad-conduct discharge. Additionally, trial defense counsel did not object to the review nor to the interpretation of the convening authority's action by the staff judge advocate.

The second certified issue questions whether the supervisory authority properly corrected an "ambiguity" in the convening authority's action without returning the record to the convening authority for clarification. Paragraph 95, Manual for Courts-Martial, United States, 1969 (Revised edition), permits return of a record of trial to the convening authority for correction of an "incomplete, ambiguous," or erroneous action taken by him. Although the supervisory authority in *McDaniel* returned the record to the convening authority for an explicit statement of his intended action, the Court observed that the convening authority's intent was implicit in his original action and the record was returned only "for a more precise statement of the details of his action." *Id.* at 59, 21 C.M.R. at 185. An ambiguous action is one that is "capable of being understood in two or more possible senses." Webster's, New Collegiate Dictionary, p. 36 (1975 ed.). As we have concluded that the convening authority's action is only subject to one interpretation, it is not within the operative scope of paragraph 95, Manual, *supra*. The present case is also distinguishable from *United States v. Lower*, 10 M.J. 263 (C.M.A.1981), which involved an actual ambiguity in the convening authority's action. We hold, therefore, that the supervisory authority was not required to return this record to the convening authority for clarification.

The decision of the United States Navy Court of Military Review is reversed, and the record of trial is returned to that court for further proceedings pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

Chief Judge EVERETT and Judge FLETCHER concur.