UNITED STATES, Appellee

v.

Michael J. POLITTE, Hospital Corpsman Second Class
U.S. Navy, Appellant

No. 05-0271

Crim. App. No. 200401261

United States Court of Appeals for the Armed Forces

Argued October 11, 2005

Decided March 21, 2006

GIERKE, C.J., delivered the opinion of the Court in which
EFFRON, J., joined. CRAWFORD, J., filed a separate opinion
concurring in the result. ERDMANN, J., filed a dissent in which
BAKER, J., joined.

Counsel

For Appellant: Lieutenant Aimee M. Cooper, JAGC, USN (argued);
Captain Jeffrey S. Stephens, USMC (on brief).

For Appellee: Major Wilbur Lee, USMC (argued); Major Raymond E.
Beal II, USMC, and Commander Charles N. Purnell, JAGC, USN (on
brief); Colonel William K. Lietzau, USMC.

Military Judge: Nels Kelstrom

<u>**This opinion is subject to revision before final publication**</u>.

Chief Judge GIERKE delivered the opinion of the Court.

We again examine an ambiguous convening authority action and its impact on sentencing. Here, the convening authority's action is open to two distinct interpretations, both of which have ample support in law and fact. In light of this ambiguous convening authority action, a new action is required.

## I.  BACKGROUND

Pursuant to Appellant's guilty pleas, a military judge sitting as a special court-martial convicted Appellant of making a false statement, introducing cocaine onto a military installation, wrongfully using cocaine, and soliciting another to use cocaine.[1] The convening authority entered into a pretrial agreement allowing him to approve a punitive discharge, while placing limits on other forms of punishment. Appellant entered guilty pleas to five of the twenty specifications alleged, as required by the pretrial agreement. The military judge sentenced Appellant to a reduction to E-1 and a bad-conduct discharge.

Post-trial, trial defense counsel submitted clemency matters to the convening authority requesting suspension of the bad-conduct discharge for a period of one year from the date of the convening authority's action. Defense counsel asserted that

---

[1] These offenses are punishable under Articles 107, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 912a, and 934 (2000), respectively.

the punitive discharge would have an adverse impact on Appellant, his wife, and his family.

Responding to this clemency plea, the staff judge advocate recommended against any clemency for Appellant, and proposed an action by the convening authority that included the following: "[T]hat the sentence as adjudged be approved and executed, except for that portion extending to a Bad Conduct Discharge, which cannot be executed until the completion of appellate review."

Apparently in response to this recommendation, the convening authority took the following action:

> In the case of Hospital Corpsman Second Class Michael J. Politte, U.S. Navy, . . . the sentence is approved except for that part of the sentence extending to a bad conduct discharge.
>
> Prior to taking this action the Convening Authority did consider the results of trial, the recommendation of the staff judge advocate, and the 17 June 2004 clemency letter submitted by defense counsel on behalf of the accused.
>
> The record of trial is forwarded to the Navy-Marine Corps Appellate Review Activity, 716 Sicard Street SE Suite 1000, Washington Navy Yard, Washington, DC 20384-5047, pursuant to JAGMAN 0153b(1), for review under Article 66, UCMJ.

Emphasis added.

Without specific assignment of error, Appellant submitted his case to the lower court for review. The lower court upheld

3

the findings and sentence as approved by the convening

authority.[2]

Appellant filed a petition for review before this Court

requesting consideration of the case on its merits.  This Court

specified the following issue:

> WHETHER THE UNITED STATES NAVY-MARINE CORPS COURT OF
> CRIMINAL APPEALS HAD JURISDICTION TO ACT ON THE FINDINGS
> AND SENTENCE UNDER ARTICLE 66(b)(1), UNIFORM CODE OF
> MILITARY JUSTICE, 10 U.S.C. § 866(b)(1), IN LIGHT OF THE
> CONVENING AUTHORITY'S ACTION THAT DOES NOT APPEAR TO HAVE
> APPROVED A BAD-CONDUCT DISCHARGE.

## II.  DISCUSSION

The specified issue is rooted in the fundamental rule that

a Court of Criminal Appeals can only review cases within its

statutory jurisdiction.  Under Article 66, UCMJ, 10 U.S.C. § 866

(2000), the Courts of Criminal Appeals may hear a case on the

merits where:  (1) a Judge Advocate General refers courts-

martial records to the court; (2) a convening authority has

approved the findings and sentence; and (3) the sentence as

approved extends to death, a dismissal, a punitive discharge or

confinement for one year or more.  Regarding post-trial matters,

Courts of Criminal Appeals also have jurisdiction to refrain

from addressing the merits of a case, and instead return an

action to the convening authority if further clarification of

---

[2] United States v. Politte, No. NMCCA 200401261 (N-M. Ct. Crim.
App. Oct. 29, 2004)(unpublished).

the meaning of the action is necessary.[3]  We conclude the convening authority's action in this case was ambiguous. Therefore, we hold the lower court erred by failing to identify this ambiguity and return the action to the convening authority for clarification.

Because of the importance of the convening authority's action in the court-martial process, we have required a clear and unambiguous convening authority action.[4]  In United States v. Scott, when presented with an ambiguous convening authority action involving a bad-conduct discharge, this Court applied Rule for Courts-Martial (R.C.M.) 1107(g), and returned the record to the Judge Advocate General for submission to the convening authority for clarification.[5]

R.C.M. 1107(g) permits an authority "acting under Article 64, 66, 67, or 69" to instruct a convening authority to withdraw an original action and substitute a corrected action where the original action "is incomplete, ambiguous, or contains clerical error."

In United States v. Loft, we held that appellate courts could use surrounding documentation to interpret an otherwise

---

[3] Rule for Courts-Martial 1107(g); see, e.g., Manual for Courts-Martial, United States para. 95 (1951 ed.).
[4] See United States v. Davis, 58 M.J. 100, 102 (C.A.A.F. 2003) ("A convening authority is vested with substantial discretion when he or she takes action on the sentence of a court-martial.").
[5] 49 M.J. 160, 160 (C.A.A.F. 1998) (summary disposition).

unclear convening authority action.[6]  In Loft, we determined a convening authority's intent regarding a bad-conduct discharge by looking outside the four corners of the action's language.[7] Specifically, we examined the pretrial agreement, the recommendations of the staff judge advocate, and the proposed action to "suspend" the bad-conduct discharge.[8]  A thorough examination of this surrounding documentation led us to conclude that the convening authority indeed intended to approve the adjudged bad-conduct discharge.[9]

Turning to the facts now before us, we view the convening authority's action as ambiguous.  The language in paragraph one of the convening authority's action approving Appellant's adjudged sentence ("except for that part of the sentence extending to a bad conduct discharge") suggests that the convening authority intended to disapprove the adjudged bad-conduct discharge.

On the other hand, the surrounding documentation provides ample support for the opposite conclusion:  that in fact, the convening authority intended to approve the adjudged bad-conduct discharge.  First, the pretrial agreement allowed for the convening authority to approve the bad-conduct discharge. Second, the recommendation of the staff judge advocate

---

[6] 10 M.J. 266, 268 (C.M.A. 1981).
[7] Id.
[8] Id. at 267-68.
[9] Id.

presupposes the approval of a bad-conduct discharge, as it expressly recommends that the bad-conduct discharge be approved, but not executed until the completion of appellate review. Third, in requesting clemency, the defense did not request disapproval of the bad-conduct discharge -- only suspension. Finally, in the paragraph immediately following Appellant's sentence, the convening authority took action forwarding the record to the Navy-Marine Corps Appellate Review Activity pursuant to Article 66, UCMJ.  Such an action is strong evidence that the convening authority intended to approve the bad-conduct discharge.[10]

Based on our review of all the surrounding documentation leading up to the convening authority action, we decline to adopt Appellant's position that the plain language indicates the convening authority intended to disapprove of the adjudged bad-conduct discharge.  However, because the language does express approval of the sentence "except for the bad conduct discharge," we must also decline to adopt the Government's position that the surrounding documentation clearly indicates the convening authority intended to approve the adjudged bad-conduct

---

[10] See Loft, 10 M.J. at 268.

discharge.  Here the convening authority's action regarding Appellant's sentence was ambiguous.[11]

Finding this deficiency in the convening authority's action, we answer the specified issue in the affirmative.  While the lower court did have jurisdiction to act in this case, we conclude that the lower court erred by not identifying the ambiguity and returning the action to the convening authority.[12]

### DECISION

The decision of the United States Navy-Marine Court of Criminal Appeals is set aside.  The record of trial is returned to the Judge Advocate General of the Navy for submission to the convening authority for clarification in accordance with R.C.M. 1107(g).  Thereafter, Article 66, UCMJ, and Article 67, UCMJ, respectively,[13] will apply.[14]

---

[11] Convening authorities and staff judge advocates can avoid the ambiguity we have here by exercising care in drafting the convening authority's actions.  A potential solution to this problem is to draft actions that do not combine, in one sentence, the three separate concepts of:  (1) approval of the sentence, (2) execution of the sentence; and (3) identification of those portions of the sentence that cannot be executed until completion of appellate review.  We note that the model "Forms for Action" in Manual for Courts-Martial, United States app.16 at A16-1-A16-6 (2005 ed.), could be revised so that the model actions use separate sentences for each of the elements listed above, rather than multiple clauses, in order to treat the different elements of a sentence as different actions.

[12] Article 66(b)(1), UCMJ; Scott, 49 M.J. at 160; R.C.M. 1107(g).

[13] 10 U.S.C. § 867 (2000).

[14] Scott, 49 M.J. at 160.

United States v. Politte, No. 05-0271/NA

CRAWFORD, Judge (concurring in the result):

This case is distinguishable from United States v. Robbins, 61 M.J. 60 (C.A.A.F. 2005), and United States v. Pineda, 54 M.J. 298 (C.A.A.F. 2001). In this case, the staff judge advocate recommended the sentence "as adjudged be approved and executed, except for that portion extending to a Bad Conduct Discharge, which cannot be executed until the completion of the appellate review." The convening authority then signed an action that approved the sentence "except for that part of the sentence extending to a bad conduct discharge." Missing from the end of this sentence are the words "will be executed." See Manual for Courts-Martial, United States, Forms for Action app. 16 at A16-2 (2005 ed.).

There were two pretrial agreements in this case. First, the convening authority accepted a plea of guilty to the following: false official statement, introduction of cocaine onto a military installation, wrongful use of cocaine, and larceny. However, because of additional misconduct by Appellant, the convening authority withdrew from this agreement on October 8, 2003.

Pursuant to a second pretrial agreement on March 16, 2004, Appellant was convicted at a special court-martial for the making of a false official statement, introduction of cocaine onto a military installation, wrongful use of cocaine (two

specifications), and solicitation of another to use cocaine. Under this second pretrial agreement, the convening authority also agreed to withdraw and dismiss several additional charges.

Appellant's case was submitted to the Navy-Marine Court of Criminal Appeals without the assignment of any errors. After his case was affirmed by that court in an unpublished opinion, it was then submitted to this Court with no assignments of error. This Court specified the issue set forth in the majority opinion.

Several factors lead one to the common sense conclusion that there was an administrative oversight in the convening authority's action that was not consistent with the intent of the convening authority. The fact that neither Appellant nor his counsel raised this issue before the Court of Criminal Appeals or this Court is evidence that they understood what sentence was approved. Further, the serious nature of the offenses to which Appellant pleaded guilty would warrant the imposition of a punitive discharge. Unlike Robbins and Pineda, the intent of the parties and Appellant's understanding of his approved sentence are clear from the second pretrial agreement and the recommendation of the staff judge advocate, as well as from the surrounding circumstances of the case itself. Thus, I would affirm the court below, but because of the two opinions -- one by Chief Judge Gierke and one by Judge Erdmann, resulting in

a 2-2 split, I concur in the result and agree with the Chief Judge to allow the convening authority to clarify the action in this case.

ERDMANN, Judge, with whom BAKER, Judge, joins (dissenting):

Because the majority finds ambiguity by going beyond the four corners of this otherwise unambiguous action, I respectfully dissent.

Article 60(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860(c) (2000), empowers a convening authority to act upon the findings and sentence of a court-martial. See also Rule for Courts-Martial (R.C.M.) 1107. That empowering statute defines and limits what constitutes an "action". Nothing within the statute includes the administrative disposition of a record of trial as part of the convening authority's action on the findings and sentence. By including the administrative instructions on disposition of the record of trial within the convening authority's "action", the majority has expanded the statutory definition of "action". I decline to join in this expansion of statutory definition.

The majority relies upon the following three paragraphs of the R.C.M. 1114 promulgating order to suggest an ambiguity in the convening authority's action:

> In the case of Hospital Corpsman Second Class Michael J. Politte, U.S. Navy, . . . the sentence is approved except for that part of the sentence extending to a bad conduct discharge.

> Prior to taking this action the Convening Authority did consider the results of trial, the recommendation of the staff judge advocate, and the 17 June 2004 clemency letter submitted by defense counsel on behalf of the accused.

United States v. Politte, No. 05-0271/NA

> The record of trial is forwarded to the Navy-Marine Corps
> Appellate Review Activity, 716 Sicard Street SE Suite 1000,
> Washington Navy Yard, Washington, DC 20384-5047, pursuant
> to JAGMAN 0153b(1), for review under Article 66, UCMJ.

Paragraph two of the foregoing clearly reflects that the convening authority's action was whole and completed within the clear language of the first paragraph.

The convening authority took no action on the findings in Politte's case and the action on the sentence is facially clear and unambiguous:  "the sentence is approved except for that part of the sentence extending to a bad conduct discharge."  This facial clarity undermines the majority's reliance upon United States v. Loft, 10 M.J. 266, 268 (C.M.A. 1981), as a basis for looking at the surrounding circumstances to determine the convening authority's intent.  In that case we defined "ambiguous action [as] one that is 'capable of being understood in two or more possible senses.'"  Id. (quoting Webster's New Collegiate Dictionary 36 (1975 ed.)).  Without going beyond the terms of the action itself, the words used by the convening authority are susceptible of but one meaning:  the punitive discharge was not approved.

For this reason, the action is not subject to the provisions of R.C.M. 1107(g) which permit correction of an action that is "incomplete, ambiguous, or contains clerical error."  See United States v. Klein, 55 M.J. 752, 756 n.3 (A.F.

2

Ct. Crim. App. 2001).  The action here is clear and unambiguous.

The convening authority did not approve the adjudged bad-conduct

discharge.  The Court of Criminal Appeals should have reviewed

this action and found that it had no statutory authority to

conduct further review.  Any purported final action executing a

bad-conduct discharge must be set aside.