ERDMANN, Judge, with whom BAKER, Judge,
joins (dissenting):
Because the majority finds ambiguity by going beyond the four corners of this otherwise unambiguous action, I respectfully dissent.
Article 60(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860(c) (2000), empowers a convening authority to act upon the findings and sentence of a court-martial. See also Rule for Courts-Martial (R.C.M.) 1107. That empowering statute defines and limits what constitutes an “action”. Nothing within the statute includes the administrative disposition of a record of trial as part of the convening authority’s action on the findings and sentence. By including the administrative instructions on disposition of the record of trial within the convening authority’s “action”, the majority has expanded the statutory definition of “action”. I decline to join in this expansion of statutory definition.
The majority relies upon the following three paragraphs of the R.C.M. 1114 promulgating order to suggest an ambiguity in the convening authority’s action:
In the case of Hospital Corpsman Second Class Michael J. Politte, U.S. Navy, ... the sentence is approved except for that part of the sentence extending to a bad conduct discharge.
Prior to taking this action the Convening Authority did consider the results of trial, the recommendation of the staff judge advocate, and the 17 June 2004 clemency letter submitted by defense counsel on behalf of the accused.
The record of trial is forwarded to the Navy-Marine Corps Appellate Review Activity, 716 Sicard Street SE Suite 1000, Washington Navy Yard, Washington, DC 20384-5047, pursuant to JAGMAN 015Sb(l), for review under Article 66, UCMJ.
Paragraph two of the foregoing clearly reflects that the convening authority’s action was whole and completed within the clear language of the first paragraph.
The convening authority took no action on the findings in Politte’s case and the action on the sentence is facially clear and unambiguous: “the sentence is approved except for that part of the sentence extending to a bad conduct discharge.” This facial clarity undermines the majority’s reliance upon United States v. Loft, 10 M.J. 266, 268 (C.M.A.1981), as a basis for looking at the surrounding circumstances to determine the convening authority’s intent. In that case we defined “ambiguous action [as] one that is ‘capable of being understood in two or more possible senses.’ ” Id. (quoting Webster’s New Collegiate Dictionary 36 (1975 ed.)). Without going beyond the terms of the action itself, the words used by the convening authority are susceptible of but one meaning: the punitive discharge was not approved.
For this reason, the action is not subject to the provisions of R.C.M. 1107(g) which permit correction of an action that is “incomplete, ambiguous, or contains clerical error.” See United States v. Klein, 55 M.J. 752, 756 n. 3 (N.M.Ct.Crim.App.2001). The action here is clear and unambiguous. The convening authority did not approve the adjudged bad-conduct discharge. The Court of Criminal Appeals should have reviewed this action and found that it had no statutory authority to conduct further review. Any purported final action executing a bad-conduct discharge must be set aside.