UNITED STATES, Appellee

v.

Sean A. WILSON, Hospitalman
U.S. Navy, Appellant

No. 06-0503

Crim. App. No. 200102056

United States Court of Appeals for the Armed Forces

Argued April 24, 2007

Decided June 21, 2007

ERDMANN, J., delivered the opinion of the court, in which STUCKY
and RYAN, JJ., joined.  EFFRON, C.J., and BAKER, J., each filed
a separate dissenting opinion.

Counsel

For Appellant:  Major Richard D. Belliss, USMC (argued); Captain
Rolando R. Sanchez, USMC (on brief).

For Appellee:  Lieutenant TyQuili R. Booker, JAGC, USN (argued);
Commander Charles N. Purnell II, JAGC, USN, Commander Paul C.
LeBlanc, JAGC, USN, and Major Wilbur Lee, USMC (on brief).

Military Judge:  William J. Dunaway


**This opinion is subject to revision before final publication.**

United States v. Wilson, No. 06-0503/NA

Judge ERDMANN delivered the opinion of the court.

Hospitalman Sean A. Wilson was convicted at a contested general court-martial of rape, assault, adultery, and unlawful entry into a dwelling. The members sentenced Wilson to confinement for eight years, forfeiture of all pay and allowances, reduction to paygrade E-1, and a dishonorable discharge.

The subsequent action of the convening authority is at issue in this appeal. The action stated, in relevant part, as follows: "In the case of Hospitalman Sean A. Wilson, U.S. Navy, . . . that part of the sentence extending to confinement in excess of 3 years and 3 months is disapproved. The remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed."

The United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and the sentence "as approved by the convening authority." United States v. Wilson, No. NMCCA 20010205, slip op. at 7 (N-M. Ct. Crim. App. Feb. 7, 2006). (unpublished). The only difference that the lower court acknowledged between the sentence adjudged at court-martial and the sentence approved by the convening authority was the disapproval of confinement in excess of three years and three months. Id. at 1. The lower court did not address the language

2

United States v. Wilson, No. 06-0503/NA

of the action that approved the remainder of the sentence "with the exception of the Dishonorable Discharge."

The convening authority has sole discretion to approve, disapprove, commute, or suspend the sentence adjudged by the court-martial. Article 60(c)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860(c)(2) (2000). "Because of the importance of the convening authority's action in the court-martial process, we have required a clear and unambiguous convening authority action." United States v. Politte, 63 M.J. 24, 26 (C.A.A.F. 2006); see also Rule for Courts-Martial (R.C.M.) 1107(g). We granted review of this case to consider whether the convening authority's action approved a dishonorable discharge.[1] We hold that it did not. The dishonorable discharge was excepted from approval in clear and unambiguous language.[2]

## Discussion

"A convening authority is vested with substantial discretion when he or she takes action on the sentence of a

_____

[1] We specified the following issue for review:

> WHETHER THE UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS ERRED IN AFFIRMING A SENTENCE THAT INCLUDED A DISHONORABLE DISCHARGE WHEN THE CONVENING AUTHORITY'S ACTION DID NOT APPROVE ONE.

64 M.J. 190 (C.A.A.F. 2006).

[2] Our holding does not raise jurisdictional issues. The sentence, as approved, includes a period of confinement for more than one year, which gives the Court of Criminal Appeals

3

United States v. Wilson, No. 06-0503/NA

court-martial." United States v. Davis, 58 M.J. 100, 102 (C.A.A.F. 2003) (citing Article 60(c)(2)-(3), UCMJ, and R.C.M. 1107). R.C.M. 1107(d)(1) sets out the general parameters of a convening authority's action on the sentence as follows:

> The convening authority may for any or no reason disapprove a legal sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature as long as the severity of the punishment is not increased. The convening or higher authority may not increase the punishment imposed by a court-martial. The approval or disapproval shall be explicitly stated.

In light of the convening authority's broad discretion to provide relief from the adjudged sentence and the importance of this role in the court-martial process, when the plain language of the convening authority's action is facially complete and unambiguous, its meaning must be given effect. We have previously recognized that due to this broad authority, "the convening authority is an accused's best hope for sentence relief." Davis, 58 M.J. at 102 (citations omitted). Accordingly, the convening authority must exercise care in drafting the action. See Politte, 63 M.J. at 26 n.11 (suggesting ways to avoid ambiguity in a convening authority's action).

R.C.M. 1107(f) establishes certain requirements for the "contents" of the convening authority's action. In relevant

---

jurisdiction under Article 66(b)(1), UCMJ, 10 U.S.C. § 866(b)(1) (2000).

4

part, R.C.M. 1107(f)(4) requires the following:  "(A) In general.  The action shall state whether the sentence adjudged by the court-martial is approved.  If only part of the sentence is approved, the action shall state which parts are approved.  A rehearing may not be directed if any sentence is approved."  In this case, the relevant part of the action consisted of two grammatical sentences:  "In the case of Hospitalman Sean A. Wilson, U.S. Navy, . . . that part of the sentence extending to confinement in excess of 3 years and 3 months is disapproved. The remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed."  The first sentence explicitly disapproves a portion of the confinement.  The second sentence explicitly approves the "remainder of the sentence, with the exception of the Dishonorable Discharge."  In announcing that the "remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed," the convening authority used facially clear and unambiguous language that excluded the dishonorable discharge from approval.  Under the plain meaning of this language, the dishonorable discharge was not approved.

The Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority.  Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000). Because the convening authority did not approve the dishonorable

5

United States v. Wilson, No. 06-0503/NA

discharge, it was not before the lower court on review and that portion of the adjudged sentence could not be affirmed. For the lower court to do so constitutes error.

## Decision

To the extent that the decision of the United States Navy-Marine Corps Court of Criminal Appeals affirmed a sentence that included a dishonorable discharge, the decision is reversed. The remainder of the findings and that portion of the sentence extending to confinement for three years and three months, forfeiture of all pay and allowances, and reduction to paygrade E-1 are affirmed.

United States v. Wilson, No. 06-0503/NA

EFFRON, Chief Judge (dissenting):

Under the Uniform Code of Military Justice (UCMJ), modification of the results of courts-martial "is a matter of command prerogative." Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1) (2000). The pivotal responsibility for approval or disapproval of a court-martial sentence is vested in the convening authority. The convening authority has "unfettered discretion to modify the . . . sentence for any reason -- without having to state a reason -- so long as there is no increase in severity." United States v. Finster, 51 M.J. 185, 186 (C.A.A.F. 1999). In the exercise of this discretion, the convening authority may "approve, disapprove, commute, or suspend the sentence in whole or in part." Article 60(c)(2), UCMJ.

R.C.M. 1107

The President, in the Rules for Courts-Martial (R.C.M.), has set forth three specific rules to ensure that there is an accurate record of the broad discretion provided by Article 60:

(1) R.C.M. 1107(d), which governs the convening authority's "Action on the sentence," requires that the convening authority's "approval or disapproval shall be explicitly stated."

(2) R.C.M. 1107(f), which governs the "Contents of action and related matters," provides the following in paragraph (4)(a)

with respect to "Action on sentence" when the convening authority approves only part of the sentence:  "If only part of the sentence is approved, the action shall state which parts are approved."

 (3)  R.C.M. 1107(g), which governs "Incomplete, ambiguous, or erroneous action," provides:  "When the action of the convening . . . authority is incomplete, ambiguous, or contains clerical error, the authority who took the incomplete, ambiguous, or erroneous action may be instructed by [a reviewing authority] . . . to withdraw the original action and substitute a corrected action."

The requirement for explicit action

 Prior to 1984, the Manual for Courts-Martial (MCM) suggested but did not mandate that the convening authority explicitly identify which parts of the sentence were approved and which were disapproved.  See MCM para. 88a (1969 rev. ed.) ("[a]n approval or disapproval of a sentence should be express and explicit and should not be left to implication"); United States v. Loft, 10 M.J. 266, 267 (C.M.A. 1981) (noting that paragraph 88a's reference to explicit statement of approval or disapproval "was only advisory").

 The President, in promulgating the 1984 MCM, expressly used mandatory language to govern the pertinent contents of the convening authority's action:  "The approval or disapproval

2

shall be explicitly stated." R.C.M. 1107(d)(1). The provisions of R.C.M. 1107 governing action on the sentence serve three complementary purposes.

First, these provisions ensure that no servicemember will endure a punishment that has not been "explicitly" approved by the convening authority under R.C.M. 1107(d)(1).

Second, these provisions ensure that no servicemember will avoid a punishment adjudged by a court-martial as a result of action at the convening authority stage unless the convening authority "explicitly" disapproved the punishment under R.C.M. 1107(d)(1).

Third, these provisions vest responsibility for taking corrective action in the convening authority under R.C.M. 1107(g).

The convening authority's action

In the present case, the court-martial adjudged the following sentence: confinement for eight years, reduction to the lowest enlisted grade, total forfeitures, and a dishonorable discharge. The convening authority took the following action: that part of the sentence extending to confinement in excess of three years and three months was disapproved. The remainder of the sentence, with the exception of the dishonorable discharge, was approved and ordered executed.

The convening authority's action "explicitly" identifies one part of Appellant's sentence as "disapproved": confinement in excess of three years and three months. The action "explicitly" identifies the remainder of the sentence, except for the dishonorable discharge, as "approved." Although the action explicitly disapproves one part of the sentence and explicitly approves other parts of the sentence, it does not explicitly approve or disapprove the dishonorable discharge.

## Corrective action

The circumstances of the present case underscore the importance of adhering to the President's requirement for the convening authority to "explicitly" identify which parts of the sentence are approved and which are disapproved. The staff judge advocate, in his post-trial recommendation to the convening authority, recommended approval of the dishonorable discharge. Appellant, in his post-trial submissions to the convening authority, did not request to remain in service or that the convening authority not approve a punitive discharge. Instead, he limited his request to a plea that the convening authority approve only a bad-conduct discharge rather than a dishonorable discharge. At the Court of Criminal Appeals, Appellant described his sentence as containing a dishonorable discharge and did not suggest that the convening authority had disapproved that portion of the sentence. Likewise, in the

4

petition supplement filed with our Court, Appellant described his sentence as containing a dishonorable discharge and did not suggest that the convening authority had disapproved that portion of the sentence.

It is possible that the convening authority, in the exercise of his broad discretion under Article 60(c), intended to provide Appellant with a form of clemency -- disapproval of a punitive discharge -- that Appellant did not request, expect, or believe that he had received. That would be the convening authority's prerogative. If so, the convening authority was obligated to follow the mandate of R.C.M. 1107(d)(1), which requires that his "approval shall be explicitly stated." He did not do so.

In the present case, the convening authority explicitly stated his approval and disapproval of parts of the sentence, but did not do so with respect to the adjudged punitive discharge. His action is incomplete because the approval or disapproval of the punitive discharge is not "explicitly stated."

Accordingly, while I agree with the majority opinion that the lower court erred in approving the adjudged punitive discharge, I respectfully dissent from the majority's conclusion that the convening authority complied with the applicable legal requirements for disapproval of the adjudged punitive discharge.

5

<u>United States v. Wilson</u>, No. 06-0503/NA

The convening authority's action is incomplete under R.C.M.
1107(d)(1), and it should be returned for corrective action
under R.C.M. 1107(g).

United States v. Wilson, No. 06-0503/NA

BAKER, Judge (dissenting):

I agree with the majority's statement of the law.  "[W]hen the plain language of the convening authority's action is facially complete and unambiguous, its meaning must be given effect."  In contrast, in United States v. Politte, 63 M.J. 24, 26 (C.A.A.F. 2006), this Court looked to the surrounding documentation in concluding that an otherwise clear action was ambiguous.  Here, the Court sets the law straight.  However, unlike the situation in Politte, I believe that the convening authority's action in this case is, in fact, ambiguous.  The court-martial order here states:  "that part of the sentence extending to confinement in excess of 3 years and 3 months is disapproved.  The remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed."

Thus, the action's first sentence disapproves part of the adjudged sentence.  In the next sentence, the convening authority appears to approve the remainder of the sentence "with the exception of the Dishonorable Discharge."  As a result, Appellant's adjudged dishonorable discharge is not addressed in either sentence and, thus, arguably falls into a limbo between that which the convening authority expressly disapproved and that which he expressly approved.  The result is an ambiguous action.

In contrast, in Politte, the convening authority's action stated:  "In the case of Hospital Corpsman Second Class Michael J. Politte . . . the sentence is approved except for that part of the sentence extending to a bad-conduct discharge.  Prior to taking this action the Convening Authority did consider the results of trial. . . ."  Id. at 25.

This language, the majority concluded, "suggests that the convening authority intended to disapprove the adjudged bad conduct discharge."  Id. at 26.  The dissent went further and found the language facially clear and unambiguous:  "the sentence is approved except for that part extending to a bad conduct discharge."  Id. at 28 (Erdmann, J., dissenting).  There was no ambiguity because the convening authority did not otherwise set out in a separate sentence those elements of the sentence that were disapproved.  By implication, if the sentence parts were not approved they were disapproved.

For these reasons I view the present case as distinguishable from Politte.  Therefore, while I agree with the legal framework presented, I respectfully dissent from the result and would remand for a new convening authority's action.