EFFRON, Chief Judge
(dissenting):
Under the Uniform Code of Military Justice (UCMJ), modification of the results of courts-martial “is a matter of command prerogative.” Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1) (2000). The pivotal responsibility for approval or disapproval of a court-martial sentence is vested in the convening authority. The convening authority has “unfettered discretion to modify the ... sentence for any reason — without having to state a reason — so long as there is no increase in severity.” United States v. Finster, 51 M.J. 185, 186 (C.A.A.F.1999). In the exercise of this discretion, the convening authority may “approve, disapprove, commute, or suspend the sentence in whole or in part.” Article 60(c)(2), UCMJ.

R.C.M. 1107

The President, in the Rules for Courts-Martial (R.C.M.), has set forth three specific rules to ensure that there is an accurate record of the broad discretion provided by Article 60:
(1) R.C.M. 1107(d), which governs the convening authority’s “Action on the sentence,” requires that the convening authority’s “approval or disapproval shall be explicitly stated.”
(2) R.C.M. 1107(f), which governs the “Contents of action and related matters,” provides the following in paragraph (4)(a) with respect to “Action on sentence” when the convening authority approves only part of the sentence: “If only part of the sentence is approved, the action shall state which parts are approved.”
(3) R.C.M. 1107(g), which governs “Incomplete, ambiguous, or erroneous action,” provides: “When the action of the convening ... authority is incomplete, ambiguous, or contains clerical error, the authority who took the incomplete, ambiguous, or erroneous action may be instructed by [a reviewing authority] ... to withdraw the original action and substitute a corrected action.”

The requirement for explicit action

Prior to 1984, the Manual for Courts-Martial (MCM) suggested but did not mandate that the convening authority explicitly identify which parts of the sentence were approved and which were disapproved. See MCM para. 88a (1969 rev. ed.) (“[a]n approval or disapproval of a sentence should be express and explicit and should not be left to implication”); United States v. Loft, 10 M.J. 266, 267 (C.M.A.1981) (noting that paragraph 88a’s reference to explicit statement of approval or disapproval “was only advisory”).
The President, in promulgating the 1984 MCM, expressly used mandatory language to govern the pertinent contents of the conven *143 ing authority’s action: “The approval or disapproval shall be explicitly stated.” R.C.M. 1107(d)(1). The provisions of R.C.M. 1107 governing action on the sentence serve three complementary purposes.
First, these provisions ensure that no servicemember will endure a punishment that has not been “explicitly” approved by the convening authority under R.C.M. 1107(d)(1).
Second, these provisions ensure that no servicemember will avoid a punishment adjudged by a court-martial as a result of action at the convening authority stage unless the convening authority “explicitly” disapproved the punishment under R.C.M. 1107(d)(1).
Third, these provisions vest responsibility for taking corrective action in the convening authority under R.C.M. 1107(g).

The convening authority’s action

In the present case, the court-martial adjudged the following sentence: confinement for eight years, reduction to the lowest enlisted grade, total forfeitures, and a dishonorable discharge. The convening authority took the following action: that part of the sentence extending to confinement in excess of three years and three months was disapproved. The remainder of the sentence, with the exception of the dishonorable discharge, was approved and ordered executed.
The convening authority’s action “explicitly” identifies one part of Appellant’s sentence as “disapproved”: confinement in excess of three years and three months. The action “explicitly” identifies the remainder of the sentence, except for the dishonorable discharge, as “approved.” Although the action explicitly disapproves one part of the sentence and explicitly approves other parts of the sentence, it does not explicitly approve or disapprove the dishonorable discharge.

Corrective action

The circumstances of the present case underscore the importance of adhering to the President’s requirement for the convening authority to “explicitly” identify which parts of the sentence are approved and which are disapproved. The staff judge advocate, in his post-trial recommendation to the convening authority, recommended approval of the dishonorable discharge. Appellant, in his post-trial submissions to the convening authority, did not request to remain in service or that the convening authority not approve a punitive discharge. Instead, he limited his request to a plea that the convening authority approve only a bad-conduct discharge rather than a dishonorable discharge. At the Court of Criminal Appeals, Appellant described his sentence as containing a dishonorable discharge and did not suggest that the convening authority had disapproved that portion of the sentence. Likewise, in the petition supplement filed with our Court, Appellant described his sentence as containing a dishonorable discharge and did not suggest that the convening authority had disapproved that portion of the sentence.
It is possible that the convening authority, in the exercise of his broad discretion under Article 60(c), intended to provide Appellant with a form of clemency — disapproval of a punitive discharge — that Appellant did not request, expect, or believe that he had received. That would be the convening authority’s prerogative. If so, the convening authority was obligated to follow the mandate of R.C.M. 1107(d)(1), which requires that his “approval shall be explicitly stated.” He did not do so.
In the present case, the convening authority explicitly stated his approval and disapproval of parts of the sentence, but did not do so with respect to the adjudged punitive discharge. His action is incomplete because the approval or disapproval of the punitive discharge is not “explicitly stated.”
Accordingly, while I agree with the majority opinion that the lower court erred in approving the adjudged punitive discharge, I respectfully dissent from the majority’s conclusion that the convening authority complied with the applicable legal requirements for disapproval of the adjudged punitive discharge. The convening authority’s action is incomplete under R.C.M. 1107(d)(1), and it should be returned for corrective action under R.C.M. 1107(g).