# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201700086**

———————————

**UNITED STATES OF AMERICA**
Appellee

v.

**MARCUS L. LITTLEJOHN**
Gas Turbine Systems Technician(Mechanical) First Class,
U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges: Captain Charles Purnell, JAGC, USN.; Commander Heather Partridge, JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
Staff Judge Advocate's Recommendation: Commander I. C. Lemoyne, JAGC, USN.
For Appellant: Commander R.D. Evans, JR., JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC.

———————————

Decided 31 August 2017

———————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

At a general court-martial, a military judge convicted the appellant, pursuant to his pleas, of making a false official statement, assault consummated by a battery, and obstructing justice—violations of Articles

107, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 928, and 934. The military judge sentenced the appellant to 15 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. Based on the adjudged sentence, under the terms of a pretrial agreement the CA was required to suspend confinement in excess of 12 months and to defer and then waive automatic forfeitures for six months. In accordance with the pretrial agreement, the CA suspended confinement in excess of 12 months in his action and in the pretrial agreement itself approved the deferral and then waiver of all automatic forfeitures for six months. In addition to complying with the terms of the pretrial agreement, the CA attempted to grant clemency to the appellant with respect to reduction in pay grade below E-3, but did so in language that is unclear and requires, as requested by the government, that we return the case to the Judge Advocate General for remand to the CA with instruction to withdraw the original action and substitute a corrected action.

Reduction in pay grade as the result of a court-martial can happen in one of two ways.

1. Adjudged reductions are awarded by the sentencing authority at trial and Article 57, UCMJ, provides that the reduction takes place on the earlier of 14 days after the sentence is adjudged or the date when the CA approves the sentence, but allows the CA to defer execution until the date on which the sentence is approved. The CA in this case retroactively deferred the adjudged reduction below pay grade E-3 and suspended the adjudged reduction below pay grade E-3 for six months from the date of his action, followed by remission of the suspended part of the sentence without further action, assuming the suspension was not sooner vacated.[1] The following sentence in the CA's Action to the effect that "after completion of the period of suspension

---

[1] "In the case of Gas Turbine Systems Technician (Mechanical) First Class Marcus L. Littlejohn, U.S. Navy, USS STOUT (DDG 55), the sentence will be approved and . . . and will be executed, except that the execution of the adjudged reductions in paygrade and automatic forfeitures which is in excess of reduction to the grade of E-3 is suspended for an additional six (6) months, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will expire without further action following the expiration. At that time, the accused will return to the original pay grade of E-1. By this action, I direct that the deferment of the . . . adjudged reduction in paygrade from the date the said . . . reduction would otherwise have become effective under Article 57(a) [sic].

the accused will return to the original pay grade of E-1" makes it unclear what his actual intent was with respect to the adjudged reduction.

2. Article 58a, UCMJ, provides that in cases where an approved sentence includes confinement or a bad-conduct discharge, as in this case, the individual is automatically reduced to pay grade E-1 on the date when the CA approves the sentence, but allows the service Secretary to modify by regulation the application of this article. The Judge Advocate General, acting on authority of the Secretary of the Navy, issued the following applicable regulation:

> In his sole discretion, the [CA] may remit the automatic reduction, or may retain the accused in the pay grade held at the time of sentence or in an intermediate pay grade and suspend the automatic reduction to pay grade E-1 that would otherwise be effected under Article 58a, UCMJ, and this subsection, utilizing the forms in Appendix 16, MCM, as guides. . . . If . . . the adjudged sentence includes a reduction in pay grade that is below the pay grade at which the [CA] desires to have the accused retained, the reduction adjudged in the sentence should be suspended for the same period as the automatic reduction is suspended.

The CA took no action with respect to automatic reduction to pay grade E-1 under Article 58a, UCMJ, thereby rendering any action taken on the adjudged reduction meaningless as of the date of the CA's action. This despite the CA also stating in his action that "Defense Counsel has requested that I grant clemency in excess of the terms of the Pre-Trial Agreement, *which I have granted in part*. As stated above, I have already acted on Defense Counsel's requested clemency as relates to automatic forfeitures and adjudged and automatic reduction in rank."

RULE FOR COURTS-MARTIAL (R.C.M.) 1107(g), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) permits an authority "acting under Article 64, 66, 67, or 69" to instruct a CA to withdraw an original action and substitute a corrected action where the original action "is incomplete, ambiguous, or contains clerical error." The government claims that this CA's action is ambiguous. An ambiguous action is one that is "capable of being understood in two or more possible senses." *United States v. Loft*, 10 M.J. 266, 268 (C.M.A. 1981) (citation and internal quotation marks omitted). Appellate courts are permitted to use surrounding documentation to interpret an otherwise unclear CA's action. *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *Loft*, 10 M.J. at 268).

As a result of this action, in addition to the benefit of his pretrial agreement, the appellant was provided clemency in that he was permitted to remain an E-3 until automatic reduction became applicable pursuant to

Article 58(a), UCMJ. By not providing the appellant any clemency regarding automatic reduction–despite the TDC request, and the SJA's partial support of such clemency–the CA's clemency ended on the date he signed the CA's action. Although not legally impermissible to do such, when taken in consideration of what the CA indicates later in his action, his intent with regard to automatic reduction is unclear, as is the action he intended as to the adjudged reduction.

### III. CONCLUSION

The record of trial is returned to the Judge Advocate General for remand to the convening authority with direction to withdraw his action dated 1 March 2017 and substitute a corrected action, R.C.M. 1107(g). "If the original convening authority has been replaced by a successor, there must be some evidence that the successor convening authority communicated with the original convening authority and that the corrected action reflects the original convening authority's intent. *United States v. Lower*, 10 M.J. 263, 265 (C.M.A. 1981). Alternatively, the successor convening authority may issue a new action after receiving a new staff judge advocate's recommendation that was served on the defense, providing the accused a new opportunity to submit clemency matters. *United States v. Gosser*, 64 M.J. 93, 96-97 (C.A.A.F. 2006) (per curiam)." *United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008). Thereafter the record will be returned to the Court for completion of appellate review. Art. 60, UCMJ; *Boudreaux v. U.S. Navy-Marine Corps Court of Military Review*, 28 M.J. 181 (C.M.A. 1989).

Senior Judge HUTCHISON and Judge FULTON concur.

For the Court



R.H. TROIDL
Clerk of Court