**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman LOGAN B. CARR**
**United States Air Force**

**ACM 38025 (recon)**

**27 August 2014**

Sentence adjudged 4 May 2011 by GCM convened at Andersen
Air Base, Guam. Military Judge: Vance H. Spath (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 180 days,
forfeiture of $700.00 pay per month for 10 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Matthew T. King and
Major Daniel E. Schoeni.

Appellate Counsel for the United States: Lieutenant Colonel Linell A.
Letendre; Major Jason S. Osborne; Captain Thomas J. Alford; and Gerald
R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

A general court-martial composed of a military judge sitting alone convicted the
appellant of larceny of non-military property of a value of less than $500.00, wrongful
appropriation, and housebreaking, in violation of Articles 121 and 130, UCMJ,

10 U.S.C. §§ 921, 930.[1]   The military judge sentenced the appellant to a bad-conduct discharge, confinement for 270 days, forfeiture of $700.00 pay per month for 10 months, and reduction to E-1.  On 22 August 2011, the convening authority took action stating that "only so much of the sentence as provides for reduction to the grade of E-1, forfeiture of $700.00 pay per month for 10 months, and confinement for 180 days is approved and, except for the Bad Conduct Discharge, will be executed."

*Procedural History*

On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals."  Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, he raised a single issue, averring the 77 days between action and docketing this case with our Court warranted relief pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2006).

The case was docketed with this Court on 7 November 2011.  On 22 May 2012, the Government filed a motion to remand the case back to the convening authority to clarify the action, which we granted on 25 June 2012.  We reissued that order 10 months later, on 24 April 2013.  On 23 May 2013, the original convening authority signed an affidavit stating that he intended to approve the bad-conduct discharge.  On 29 May 2013, the successor convening authority withdrew the 22 August 2011 action and approved the same sentence as in the original action, to include the bad-conduct discharge.  The case was again docketed with this Court on 6 June 2013.  On 17 June 2013, the appellant submitted a new assignment of error in which he renewed the issue of the delay between initial action and docketing and raised a new issue averring the post-trial processing delays in his case warranted relief under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006).

On 15 August 2013, we issued a decision affirming the approved findings and granting some sentence relief even though no prejudicial error occurred.  *United States v. Carr*, ACM 38025 (f rev) (A.F. Ct. Crim. App. 15 August 2013) (unpub. op.).  Pursuant to his appointment by the Secretary of Defense, Mr. Soybel was a member of that panel. On 9 September 2013, the appellant filed a motion to vacate the decision on the basis of Mr. Soybel's participation and a motion for reconsideration on the issue of whether the relief granted by this Court was meaningful relief.  On 15 April 2014, our superior court

---

[1] The appellant pled guilty by exceptions and substitutions to the larceny and wrongful appropriation specifications. The military judge found the appellant guilty to those specifications by exceptions and substitutions.  The appellant pled not guilty to the two specifications of housebreaking.

issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration and permitted the appellant to file a supplemental assignment of errors. The appellant submitted a supplemental assignment of errors that renewed the earlier assignments of errors and averred an additional issue: that the initial action by the convening authority clearly and unambiguously disapproved the adjudged bad-conduct discharge. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinion issued by this Court. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings. We affirm a modified sentence due to non-prejudicial error in the post-trial processing of the appellant's court-martial.

*Error in Convening Authority's Initial Action*

In the initial action dated 22 August 2011, the convening authority indicated his decision was "only so much of the sentence as provides for reduction to the grade of E-1, forfeiture of $700.00 pay per month for 10 months, and confinement for 180 days is approved and except for the Bad Conduct Discharge, will be executed." This language necessarily resulted in some confusion. Further, the first court-martial order included that the record of trial was being forwarded for review under Article 69(a), UCMJ, 10 U.S.C. § 869(a). Such a review would only be applicable if the convening authority did not approve the bad-conduct discharge and approved the other aspects of the sentence as listed.[2]

A convening authority's action must be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006). "[W]hen the plain language of the convening authority's action is facially complete and unambiguous, its meaning must be given effect." *United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007). The appellant's contention that the convening authority's action in this case is unambiguous would require us to read only the first clause of this sentence and ignore the second clause. In the second clause, the convening authority orders the approved sentence executed, except for the bad-conduct discharge. There would be no reason to defer the execution of the bad-conduct discharge if it was not approved. We therefore find the language ambiguous. Our colleagues on the Navy-Marine Court of Criminal Appeals similarly addressed an action that contained "no reference at all to the discharge, be it either approval or disapproval" but which referenced the discharge in the execution. *United States v. Warren*, 71 M.J. 505, 509 (N.M. Ct. Crim. App. 2012) *review denied*,

---

[2] A later, corrected copy of the court-martial order deletes this language and also corrects the date it was signed.

71 M.J. 326 No. 12-0441/NA (Daily Journal 24 May 2012).[3] Those esteemed judges reasoned, "[t]his explicit reference indicates an intent or assumption that the discharge is approved" and concluded that the action was ambiguous. *Id.*

Further ambiguity was created by the convening authority's order in the action that the appellant was to be placed on appellate review leave after confinement pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a. That leave is only applicable when there is an approved and unsuspended punitive discharge.

"When addressing situations that present an ambiguity, . . . the proper course of action is to remand for corrective action under [Rule for Courts-Martial] 1107(g)." *United States v. Gosser*, 64 M.J. 93, 96 (C.A.A.F. 2006). After receiving the order for a corrected action in this case, the initial convening authority completed an affidavit stating that he intended to approve the bad-conduct discharge. The successor convening authority was thereby able to clarify the action. *See United States v. Lower*, 10 M.J. 263 (C.M.A. 1981). In the corrected action, the successor convening authority approved a "reduction to the grade of E-1, forfeiture of $700.00 pay per month for 10 months, confinement for 180 days, and a bad conduct discharge."

We take this opportunity to reiterate our superior court's advice:

Convening authorities and staff judge advocates can avoid the ambiguity we have here by exercising care in drafting the convening authority's actions. A potential solution to this problem is to draft actions that do not combine, in one sentence, the three separate concepts of: (1) approval of the sentence, (2) execution of the sentence; and (3) identification of those portions of the sentence that cannot be executed until completion of appellate review. We note that the model "Forms for Action" in *Manual for Courts–Martial, United States* app. 16 at A16-1–A16-6 (2005 ed.), could be revised so that the model actions use separate sentences for each of the elements listed above, rather than multiple clauses, in order to treat the different elements of a sentence as different actions.

*Politte*, 63 M.J. at 26 n.11.

We add that we do not see any requirement in the *Manual for Courts-Martial* that mandates the passive voice be combined with a convoluted compound sentence.[4] The convening authority is to personally take action in the case; there is no reason why the

---

[3] Our superior court determined that an action is incomplete and ambiguous when "the convening authority fail[s] to approve or disapprove the sentence as required . . . . [and], he merely order[s] parts of the sentence, not to include the bad-conduct discharge, executed." *United States v. Fralinger*, 69 M.J. 426 (C.A.A.F. 2010) (mem.).

[4] Appendix 16 of the *Manual for Courts-Martial* notes, "The forms are guidance only, and are *not* mandatory." Forms for Actions, *Manual for Courts-Martial, United States*, A16-1 (2012 ed.) (emphasis added).

active voice could not be employed with short declarative sentences which would resolve many of these recurring issues.[5]

*Post-Trial Delay*

The appellant argues that he was deprived of his right to speedy post-trial review under *Moreno*. He also argues that he is entitled to relief under *Tardif*. We affirm the findings but modify the sentence.

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). In *Moreno*, our superior court established guidelines that trigger a presumption of unreasonable delay in certain circumstances: (1) "where the action of the convening authority is not taken within 120 days of the completion of trial"; (2) where the record of trial is not docketed by the service appellate courts within 30 days of action; and (3) "where appellate review is not completed and a decision is not rendered within eighteen months of docketing the case before the Court of Criminal Appeals." *Moreno*, 63 M.J. at 142. In this case, there is a presumption of unreasonable delay as the time from action to docketing with this Court exceeded 30 days, and the total period from docketing with this Court and completion of our initial decision exceeded 18 months.

Because the delay in this case is facially unreasonable, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005). When we assume error but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *Allison*, 63 M.J. at 370.

In this case, the post-trial record contains no evidence that the delay has harmed the appellant. In *Moreno*, our superior court recognized three types of prejudice arising from post-trial processing delay that could give rise to a due process violation: (1) prevention of oppressive confinement while awaiting the resolution of the appeal; (2) minimization of any anxiety and concern beyond that normally experienced by any prisoner while awaiting an appellate decision; and (3) impairment of the ability to present

---

[5] As an example, the pertinent part of the action in this case could read: "I approve the following sentence: reduction to the grade of E-1, forfeiture of $700.00 pay per month for 10 months, confinement for 180 days, and a bad-conduct discharge. I order the following sentence to be executed: reduction to the grade of E-1, forfeiture of $700.00 pay per month for 10 months, and confinement for 180 days. I direct the bad-conduct discharge to be self-executing pursuant to R.C.M. 1113(d), unless competent authority executes it sooner." In cases without a punitive discharge and when the convening authority is approving the adjudged sentence, the pertinent part of the action could read: "I approve the adjudged sentence and order it executed." We recommend that the necessary Air Force Instructions be revised accordingly.

a defense at a retrial or rehearing, if one is ordered. *Moreno*, 63 M.J. at 138–39 (citing *Rheuark v. Shaw*, 628 F.2d 297, 303 n.8 (5th Cir. 1980)).

We find no prejudice to the appellant in this case. The appellant was incarcerated on 4 May 2011. The confinement portion of his approved sentence was 180 days. Appellate defense counsel filed the assignment of errors on behalf of the appellant on 4 May 2012. On 25 June 2012, when we remanded this case, the appellant had already been released from confinement. Thus, his incarceration was not lengthened by the delay. Likewise, because the appellant completed his sentence long before his case ever reached this Court, we find that his concern and anxiety while awaiting our decision were already minimized. Finally, the appellant has not shown how he would be denied the opportunity to present a defense at any subsequent rehearing. Having considered the totality of the circumstances and the entire record, we conclude that any denial of the appellant's right to speedy post-trial review and appeal was harmless beyond a reasonable doubt.

While we find the post-trial delay was harmless, that does not end our analysis. Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay; the length and complexity of the record; the offenses involved; and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing in the consideration of the appellant's motion to vacate. The reason for the delay between our initial decision on 15 August 2013 and our opinion today was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[6] to appoint civilian employees to the service courts of criminal appeals.

Turning to the original delay between the convening authority's action and docketing before this Court, the appellant does not articulate any specific prejudice but argues that the Court should set aside the findings or reassess the sentence to set aside the bad-conduct discharge because of "presumptive unreasonable delay." We agree that reassessment is justified. The post-trial processing in this case hit an initial speed bump with the 77 days from action to docketing. Once docketed, it appears the case moved smartly through the appellate process until 25 June 2012, when we remanded the case

---

[6] U.S. CONST. art. II, § 2, cl. 2.

back to the convening authority for a corrected action. Nothing happened in the case again until 24 April 2013, when we issued a second order remanding the case for a corrected action. We find this puzzling and are unable to find anything in the record to adequately explain the 10-month gap between our first and second remand orders. Without an adequate explanation for this lengthy delay, we are concerned that the processing of the appellant's case broke down.

Therefore, the unique facts of this case are sufficient for us to tailor appropriate sentence relief for the appellant. Although the appellant's sentence is within legal limits and no error prejudicial to the appellant's substantial rights occurred during the sentencing proceedings, we nonetheless find that relief is warranted. In our original decision, we reduced the forfeitures by two months. The appellant in his petition for reconsideration argued that this amounted to relief without meaning as he was ordered into appellate leave as soon as his sentence to confinement had been served. *See United States v. Bell*, 60 M.J. 682, 689 (N.M. Ct. Crim. App. 2004) (Villemez, J., concurring) ("[T]he sentence relief granted should be both *appropriate* and *meaningful.* Anything less will but serve to devalue the significance of an appellant's right to enjoy 'fundamental fairness' . . . ."). When ordered onto appellate leave ("excess leave"), an appellant who has accrued leave may choose "to either receive pay and allowances during the period of accrued leave . . . or receive payment for the accrued leave," but in either case the time spent on excess leave is unpaid. Air Force Instruction 51-210, *Administration of Military Justice*, ¶ 9.38.4 (6 June 2013). Our intent is to ensure meaningful relief to the appellant. We find that a lesser sentence of a bad-conduct discharge, confinement for 180 days, forfeiture of $700.00 pay per month for 8 months, and reduction to E-2 should be affirmed.

## *Conclusion*

The findings and the sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. However, we affirm only so much of the sentence as includes a bad-conduct discharge, confinement for 180 days, forfeiture of $700.00 pay per month for 8 months, and reduction to E-2. Accordingly, the approved findings and the sentence, as modified, are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court